## SUPREME COURT.

### THOMAS WILLIAMS agt. EUGENE MURRAY.

On an *appeal* from an *order* of an inferior court to the supreme court, the costs are not limited to ten dollars, but are governed by subdivision 5, of section 307 of the Code, and follow as a matter of right, the same as on an appeal from a judgment.

But where the court inadvertently fixed the costs at ten dollars in the order of affirmance, it was held to be irregular for the clerk to tax the full costs in disregard of the order. Application should have been made to the court to correct the order.

*Broome General Term, July,* 1866.

*Before* PARKER, MASON, BALCOM *and* BOARDMAN, *Justices.*

MOTION to set aside order and taxation of costs, procured to be entered by the defendant with the clerk of the county of Otsego. The facts are sufficiently stated in the opinion of the court.

L. L. BUNDY, *for plaintiff.*

H. STURGES, *defendant.*

*By the court,* PARKER, P. J. This action was originally commenced in a justice's court, in which the plaintiff obtained judgment against the defendant. The defendant brought an appeal to the Otsego county court. The plaintiff thereupon moved in the county court for a dismissal of the appeal, on the ground of certain alleged irregularities,

which motion was denied. From the order denying the motion, an appeal was taken to this court, where the order of the county court was affirmed, with $10 costs, as specified in the order of affirmance. The defendant's attorneys, disregarding the fixing of the costs by the court at $10, made up a bill of costs under subdivision 5, of section 307 of the Code, amounting to $60.59, and procured the same to be taxed by the clerk of Otsego county, and an order to be entered by the clerk that the defendant recover the same.

A motion is now made to set aside that order as unauthorized and irregular. The order complained of was entered at large in the clerk's office of Otsego county, from the brief order made at general term, in which the court fixed the costs of the appeal at $10. Whether this fixing of the costs was erroneous or not, it was the order made by the court, and it was clearly irregular for the defendant's attorneys to disregard it, and enter an order different in respect to costs from the one made by the court. An improvident order is to be regarded until set aside, and if this one was such, the proper course of the defendant's attorneys was to move the court to correct it. (2 Cow. 463; 4 Hill, 554; 10 How. 415.) It cannot be said that the order was a nullity, even if the defendant was under the Code entitled to the costs claimed, more especially as the proceeding in which they were incurred was an interlocutory proceeding in the action—and by section 311 of the Code, it belonged to the court and not to the clerk to adjust the costs. At most, then, the fixing of them at $10 was erroneous, and binding, therefore, upon the parties, until corrected by an order of the court.

On the decision of the question raised by the appeal, the question of costs of the appeal was not considered, but the case was regarded, as well by the counsel, in the manner of its presentation, as by the court, as a special motion, and motion costs only were therefore allowed. It may be well, therefore, now to examine the question; for if the defendant is right upon the question of amount, and wrong only in his mode of proceeding to reach it, that fact may induce us to modify the order which we should otherwise make.

Williams agt. Murray.

The appeal was from an order of the county court, and brought by virtue of section 344 of the Code. Subdivision 5, of section 307 of the Code, which provides for costs on appeal in this court, is as follows : "To either party on appeal, except to the court of appeals, and except appeals in cases mentioned in section 349, before argument, $20, for argument, $40 ; and the same costs shall be allowed to either party before argument, and for argument, on application for judgment upon special verdict, or upon verdict subject to the opinion of the court, or for a new trial on a case made, and in cases where exceptions are ordered to be heard in the first instance at a general term, under the provisions of section 265." This is an appeal to the supreme court from an inferior court, under chapter 3, of title 11 of the Code (§ 344), and it is clear that it is not within any other exception contained in the subdivision of section 307, above set forth, but stands so far as this section is concerned, on the footing of an appeal from a judgment of an inferior court.

There is no other section of the Code which applies to this question, unless it be section 315, which is as follows : "Costs may be allowed on a motion, in the discretion of the court or judge, not exceeding ten dollars, and may be absolute, or directed to abide the event of the action."

It is insisted by the plaintiff's counsel, that the application to the court upon the appeal was a motion, and, therefore, the defendant was entitled to motion costs only, as allowed by the court. If it is a motion, it is like the other cases provided for in said subdivision 5, an enumerated motion (*Rule* 40). It is also an appeal, and the costs of an appeal in such a case, are specifically provided for by section 307, as already seen. Hence the motions contemplated by section 315 do not include such as this, which are provided for by section 307. In *White* agt. *Anthony* (23 *N. Y.* 164), it was held that an appeal from an order carried the same costs in the court of appeals as an appeal from a judgment, the costs depending upon subdivision 6, of section 307, which makes no exception of appeals from orders from its provisions. An appeal from an order in the court of appeals, is

no less a motion than such an appeal in this court, and if section 315 does not control the costs upon such an appeal there, it cannot here. As, therefore, the exception in subdivision 5, of section 307, does not include this case, the defendant was entitled to the costs specified in that subdivision, being the amount at which the clerk taxed them.

Inasmuch as we see that upon the merits, the defendant is entitled to the costs which he has taxed, which would have been granted him upon an application to correct the order made by the court, we may, as the case is now before us, do justice to the parties in the premises, without requiring the matter to be again brought up for that purpose. The defendant must suffer the penalty of his irregularity, and his order must be set aside with $10 costs, unless within twenty days he pays the plaintiff $10 costs of this motion. If such payment is made, the order of the general term is to be corrected, and the order complained of is to stand as the order of the court.

Ordered accordingly.