## SUPREME COURT.

### Adon D. Crosby and another, agt. Frank C. Brown.

On an appeal from an order of the county court, in a cause originating in a justice's court, on a case and exceptions for a re-trial in the county court, which is granted by the county court, and thereupon an appeal is taken from this last order (or judgment) of the county court to the general term of the supreme court, where the order of the county court is reversed, the successful party is not entitled to any *costs* of the last appeal. It would make no difference that judgment was entered upon the order. (*Following the decision of the case of Woodbury agt. Morton, ante p.* 56.

*Fourth Department, June,* 1872.

Johnson, *P. J.,* Talcott & Barker, *J.J.*

An appeal from an order, made at special term, denying a motion for re-adjustment of costs.

The action was commenced in justice's court, where the plaintiffs had a judgment. The defendant appealed to the county court, where a re-trial was had before a referee, and the plaintiffs again recovered. The defendant then applied to the county court on a case containing exceptions for a new trial, and the same was ordered with costs to abide the event. The plaintiffs appealed from such order to the general term of the supreme court, and the order appealed from was here reversed.

The memorandum of the decision of the general term, as filed with the clerk, was in these words under the title of the cause, " Judgment of county court of Cattaraugus reversed and that of the referee affirmed."

The clerk, taxing the costs on this appeal, allowed $20 before argument and $40 for argument, one term fee $10, making and serving amendments to case $10. Disbursements

were taxed at $81,95, two of the items being for printing the papers used on appeal, and were taxed at $76.50. The entrie bill amounted to $161.95.

The defendant appeared before the clerk, and objected to the taxation of all of the said items, on the ground that the plaintiffs were not entitled to any costs on the appeal from the order, and in no event should the plaintiffs be allowed more than $10, and that he was not entitled to that, for the reason the same had not been specially awarded by the court.

The clerk taxed the bill as presented. The defendant moved the special term to set aside the same, and the motion was in all things denied, and the taxation by the clerk upheld.

The defendant appeals to this court from that order

D. H. BOLLES, *for appellant.*

WM. H. HENDERSON, *for respondents.*

*By the court,* BARKER, *J.*—The disposition to be made of this appeal is determined by the case of *Woodbury* agt. *Morton, (ante p* 56.)

In that case the cause originated in justice's court, and was re-tried in the county court on appeal. A new trial was granted in the county court upon a case containing exceptions. An appeal from such order was taken to the general term. It was held that the successful party on that appeal could not recover costs as allowed by sub-division 5 of section 307 of the Code. That it presented a case coming within the exceptions enumerated in same sub-division. That the appeal is under sub-division 2, section 344. In that case the motion in the county court for a new trial was made before judgment was perfected on the verdict. In this instance the motion for a new trial was after judgment on the report of a referee. To our minds this circumstance does not make the cases dissimilar so far as the question of costs is concerned. In this case, as in that, the appeal is

from an order and not from a judgment. The question presented is in the very terms of the exception contained in the section above cited. There is no room left for construction, for it `cannot be fairly said that the legislature did not intend just what is so plainly stated.

We are referred to the case of *Williams* agt. *Murray*, reported in (32 *How. Pr. Rep.* 187,) as an authority, in support of the bill of costs as allowed. The section of the Code under consideration has been amended since that adjudication, and it is not in point.

By section 344, provision is made for an appeal from judgments rendered in the county court and also from orders entered in the same court.

By this appeal from an order setting aside the judgment and ordering a new trial, the record of the judgment in the county court was not brought into this court, nothing more than the bill of exceptions and the order appealed from were properly before this court.

The order of this court reversing the order of the court below left the judgment of the county court in full force and effect. Judgment of affirmance .to be entered in this court is unnecessary. The memorandum of this court, entered by the clerk, indicates, it is true, that such a judgment was directed by this court, but it is manifest that the real order intended was simply to reverse the order appealed from. At least that is all this court had power to do.

The court did not award costs in disposing of the appeal, so the plaintiff is not entitled to the usual motion costs.

The order of the special term is reversed and a re-taxation ordered, striking out all costs on appeal to this court.

No costs awarded to the appellant.