ALBANY,
August, 1809.

Bennet
v.
Fuller.

BENNET *against* FULLER.

*It seems,* that a sheriff, who is plaintiff, may serve his own writ. But where the defendant was under a mistake as to the arrest, the court set aside a default entered for want of a plea, on an affidavit of merits.

A MOTION was made in behalf of the defendant, to set aside the proceedings in this cause, for irregularity, on an affidavit, that the defendant was never arrested. The plaintiff was a deputy of the sheriff of the county of *Delaware*. In his affidavit, he swore that he did arrest the defendant, and explained to him the nature of the writ; that he served the writ himself, as a deputy-sheriff, but did not require any bail.

An interlocutory judgment for want of plea, was entered for the plaintiff, and a writ of inquiry of damages executed.

*Per Curiam.* The question is, whether there has been a legal service of this writ. It appears, from some of the cases, (*Cro. Car.* 416. 19 *Viner,* 443. *note. Moore,* 547.) to be a doubtful question, whether a sheriff can legally serve a writ where he is the plaintiff. In the present case, the writ was served by a deputy. No bail was required, and the sheriff returned the writ, and is responsible. As the practice of deputing the plaintiff to serve his own writ has been of long duration, we think it would be going too far to say, that the plaintiff cannot, in any cause, serve a writ in his own favour. A

declaration in ejectment is always served by the party; and where the writ is served without exacting bail, there can be no oppression, and it is analogous to the service of a declaration in ejectment. As the defendant, however, appears to have been mistaken as to the service, and swears to merits, he ought to be let in to plead, on payment of costs.

VAN NESS, J. dissented.

Rule granted.