## Tuttle *against* Hunt.

The plain-    On certiorari to a Justice's Court.   The action was tro-
tiff in a jus-
tice's     court  ver, in the Court below, by Hunt against Tuttle, for a quan-
may serve his
own summons,  tity of wheat, which the plaintiff claimed to have levied up-
either   where  on, as a constable, under an execution.   The suit was com-
he is himself a
constable    or
specially deputed for the purpose.
Admitting evidence of a plaintiff's declaration in his own favor, if objected to, is fatal on
error, though the court below direct the jury to disregard it.

menced by summons, which was served by the plaintiff himself, and returned thus: "Personally served, August 29th, 1822." Both the service and return were objected to as insufficient, but the objection was overruled. Issue being joined, the cause was tried by jury; and on the trial, the Justice allowed the plaintiff's declaration, that he had levied upon the wheat, to be given in evidence, tho' objected to, but after the evidence was given, he directed the jury not to regard it.

ALBANY,
October, 1823

Keyser
v.
Shafer.

*R. Closset,* for the plaintiff in error.

*H. Baldwin,* contra.

*Curia.* The service of the summons by the plaintiff himself was good. The rule adopted in *Bennet* v. *Fuller,* (4 John. Rep. 486,) is this: that where no bail is exacted the Sheriff may serve a *capias* in his own favor; and any other plaintiff may, under similar circumstances, be deputed to serve his own process. The return was sufficient. (*Legg* v. *Stillman et al.* ante, 418.) But the error in admitting proof of the plaintiff's declaration is fatal, though the Jusice directed the jury to disregard it. (*Penfield* v. *Carpenter,* 13 John. 350.)

Judgment reversed.