## JAMES FORD *v.* CHARLES C. DYER.

An attachment only gives an officer authority to seize the property of the person against whom it is issued.

A sheriff can execute a process against his deputy, but the deputy cannot execute one against the sheriff.

IN error from the circuit court of De Soto county; Hon. Hugh R. Miller, judge.

The defendant in error sued out from the circuit court of De Soto county a writ of replevin against Ford, for two bales of cotton, which he (Ford) had attached at the suit of Laban and Johnson, as the property of Mrs. Bullard. To the declaration Ford plead three special pleas. The first, in substance, says, that Ford levied an attachment upon said cotton, as a deputy-sheriff, and that his principal, and not he, was bound for the act. The second plea states, that the levy was made by him, as deputy, and was the act of his principal, and not his; and that inasmuch as the sheriff is not made a defendant with him in the writ, prays that the declaration and writ " may abate." Third plea states, that the acts in the declaration mentioned, if done, were done as in the first plea is stated, and that as the plaintiff below proceeded in an action of replevin for the recovery of the cotton, instead of by trial of the right of property under the old law, prays that the writ and declaration " may abate."

To these pleas a demurrer was filed. The special causes of demurrer are as follows : —

1. The pleas amount to the general issue.

2. They improperly conclude, and are informal, &c.

The demurrer was sustained, and the general issue was then plead by Ford.

The proof was, that the cotton was hauled by Dr. Dyer, the defendant in error, to the gin, and that he made arrangements to have it ginned as his, before the attachment was levied. That it was grown upon Mrs. Bullard's plantation, but that Dyer was

her security for the hire of the negroes who made it. The cotton was marked in the name of Mrs. Bullard by the ginner, without Dyer's directions. It was attached while it was on Dyer's wagon, on its way to Memphis. The verdict was for Dyer, and Ford brought the case here by writ of error.

*Mayes* and *Anderson* for appellant.

*J. M. Dyer* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of replevin in the circuit court of De Soto county, to recover two bales of cotton, alleged to have been wrongfully taken by the defendant below from the plaintiff.

The evidence introduced on the trial fully sustains the verdict of the jury, finding for the plaintiff below.

The defendant undertook to justify his taking of the cotton, by virtue of a levy of an attachment thereon, against the estate of one Mary Bullard. This defence would certainly have availed him, if he had succeeded in showing that the cotton was her property. This was the main point in controversy on the trial; and the jury having decided it against the defendant, we cannot say under the evidence that the verdict is wrong. The attachment only gave the officer authority to seize the property of the person against whom it was issued. Dyer was not a party to it, and therefore the officer acted at his peril if he molested his property.

It is assigned as another error, that the court below erred in sustaining the demurrer to the pleas in abatement.

The point which they present is, that Ford was a deputy sheriff, acquired possession of the cotton in this capacity, and that, therefore, the writ of replevin should have been directed to, and executed by, the coroner. There is no force in this objection. The sheriff can execute a writ against his deputy, but the deputy cannot execute one against the sheriff. The distinction is obvious. The sheriff acts in his own name, and by virtue of his official authority. The deputy acts in the

name of the sheriff, and by virtue of the authority from him derived.

Judgment affirmed.