BREWER WOODS, Appellant, *v.* JAMES W. GILSON, Appellee.

APPEAL FROM MACOUPIN.

To disqualify a deputy sheriff from serving an execution, either he or his principal must have been plaintiff in the action, entitled to the money to be made by a sale under it, or have a direct interest in the process.

Where a third person, after execution issued, pays off a mortgage given by the judgment debtor, and takes possession of the goods and sells them, they will still be subject to the execution. The satisfaction of the mortgage by the third party did not invest him with any interest in the mortgage debt or the mortgaged property.

THE facts of this case will be found in the opinion of the court.

J. M. PALMER, for Appellant.

D. A. SMITH, for Appellee.

SKINNER, J. Wood sued Gilson in replevin. The defendant pleaded in bar, that Dorothy Jones recovered in the Circuit Court of Macoupin county a judgment against Watts and Arbuckle, on which an execution issued to the sheriff of Macoupin county; that the same came to the hands of the defendant as deputy sheriff to execute; and that the property replevined being subject to said execution as the property of Watts, he took and seized the same by virtue of the execution.

To this plea the plaintiff replied, first: That the property replevined was not subject to the lien of the execution; and second: That the defendant was not deputy sheriff.

Upon these replications issues were joined. The plaintiff also replied, that Dorothy Jones had, before a justice of the peace of Macoupin county, recovered a judgment against Watts

and Arbuckle, from which judgment Watts appealed, and that the defendant became his security in the appeal bond; that said judgment was affirmed by the Circuit Court of Macoupin county, and is the same judgment in the defendant's plea alleged; that thereby the appeal bond became forfeited and the defendant became liable to pay the said Dorothy Jones the judgment in the plea alleged; and that the defendant was appointed at his own instance deputy sheriff for the sole purpose of executing the writ.

To this replication the defendant demurred, and the court sustained the demurrer. The object of this replication was to avoid the levy, on the ground, that the defendant, as deputy sheriff, could not execute the writ on account of interest, he being security for Watts in the appeal bond. This is not such direct legal interest in the process as would render him incompetent to execute it.

He was not plaintiff in the execution, nor was he entitled to the proceeds of the sale to be made thereon.

To have disqualified him to execute the writ he or his principal must have been plaintiff in the action of which the execution was a consequence, or must have had a direct interest in the process, or a right to the moneys to be made by sale under it. None of the cases cited go farther than this. J. McCord 470; C. Monroe 173; 3 A. K. Marshall 536.

The demurrer was therefore properly sustained.

The cause was tried by the court and judgment rendered for defendant below. Motion for a new trial made and overruled. The court properly refused a new trial. It was clearly proved that the defendant at the time of the levy was deputy sheriff. The proof shows that Watts was the owner of the property and mortgaged the same to Bently; that Bently took possession of the property under the mortgage before the execution lien could attach; that Campbell, while the execution against Watts was in the hands of the defendant, tried to purchase the mortgage of Bently; that Bently refused to sell and assign the same; that Campbell then paid the mortgage debt and Bently indorsed the mortgage *satisfied*, and delivered the same and the property mortgaged to Campbell; that Campbell sold the property to Loveland & Co., who sold the same to Wood, the plaintiff below.

By the payment of the mortgage debt the property became discharged from the mortgage, and was liable to be levied upon as the property of Watts, the mortgagor and execution debtor. By such payment Campbell could acquire no property in the mortgage debt nor in the thing mortgaged, whether done with or without the consent of Watts. The property became subject

to the lien of the execution when discharged from the mortgage, and was rightfully levied upon in the hands of Wood, who had obtained no better right to it than Campbell had acquired.

*Judgment affirmed.*