### Edmund Parmalee and another v. Lewis C. Loomis.

*Justices' courts: Adjournment on written stipulation.* It is no objection to the judgment of a justice of the peace that the cause was adjourned by the justice upon the written stipulation of counsel, without the presence of the parties.

*Judgment in replevin suit determines title.* A replevin suit, in which the property is not taken on the writ, and the plaintiff proceeds for damages, determines the title to the property. The same principles apply to such a case as to an action of trover.

*Service of summons, in his own favor, by constable.* The service of a summons, in his own favor, by a constable is only an irregularity, and will not invalidate a judgment when attacked collaterally.

*Heard and decided January 8.*

Error to Ingham Circuit.

This was an action of case brought by Loomis against Parmalee and Alfred Bixby, for a breach of a warranty of title to a certain city order, drawn by one Benjamin C. Goodhue, contractor, upon the city clerk of Lansing, and payable to Mr. Parmalee for balance due Goodhue, for grading the streets of that city. The defendants delivered said order to the plaintiff in payment of an assessment against them, which he held for collection as city treasurer. Subsequently one John Rogers brought replevin before a justice of the peace, against the plaintiff for this order, and recovered judgment. This judgment was given in evidence by the plaintiff, and the questions raised relate to its validity and the force to be given to it.

This suit was originally commenced before a justice of

the peace, and was brought by appeal to the circuit court, where judgment was rendered in favor of the plaintiff, and the defendants bring the case to this court by writ of error.

*Dart & Wiley*, for plaintiffs in error.

*A. E. Cowles*, for defendant in error, was stopped by the court.

PER CURIAM.

The objection that the cause was adjourned on the written stipulation of counsel, and without the personal presence of the parties, is not well taken. This is a very different case from a verbal agreement between parties out of court, upon which action was had by the justice afterwards. In such a case the justice assumes to act upon information furnished by himself, of what the parties have agreed to elsewhere; but in this case, when he acts, he has before him the written stipulation of the parties, which is just as effectual for whatever agreements are there incorporated, as any oral agreement then made in his presence would be.

The objection that a replevin suit does not determine the title, is also without force in a case in which the property is not taken on the writ, and where the plaintiff proceeds for damages. In such a case the same principles apply as in an action of trover.

The service of a summons in his own favor by a constable, is only an irregularity.

The judgment below must be affirmed with costs.