# VINCENT TALLON *et al.*

*v.*

# J. HENRY SCHEMPF *et al.*

1. SERVICE OF NOTICE—*by whom.* Where the statute provides for the service of notice of the commencement of a judicial proceeding, which notice supplies the place of a summons in ordinary cases, it should be served by a person not a party to the proceeding, and one having no interest in the suit, and free from all temptation to act unfairly in making the service.

2. SAME—*waiver of objection to the person serving.* Where notice of an application for the appointment of a commission of surveyors to settle and establish a boundary line between certain lands, was served upon the defendants by one of the plaintiffs, it was *held*, that the defendants, who entered their appearance in full without objection to the service, thereby waived the objection, and could not question the service on error.

3. BOUNDARY LINE—*practice under the act of* 1869. Under the act of 1869, which provides for the appointment of a commission of surveyors to settle disputed boundary lines, the trial in the circuit court must be had upon issues presented by objections to the report of the commission. And it is error to dispose of the case without first hearing and deciding all the objections presented.

4. SAME—*jurisdiction of the court.* The act of 1869, relating to the establishment of disputed boundary lines between adjacent owners, only embraces the persons and lands in the county in which the court is held. Therefore, when the disputed line is between lands situated in different counties, and the owners reside in different counties, the court has no jurisdiction under such act to appoint a commission of surveyors and establish the true line.

5. SAME—*act construed as to publication of notice.* Under this act, notice of the application for the appointment of a commission of surveyors can not be published unless two things concur: *first*, the owners of adjacent lands to that of the petitioners must reside in the county in which the lands to be affected lie, and *secondly*, the names of such owners must be unknown.

6. This proceeding is, therefore, limited to lands of the county where the court taking jurisdiction is held, and in which all the parties to be affected reside.

WRIT OF ERROR to the Circuit Court of Shelby county; the Hon. A. J. GALLAGHER, Judge, presiding.

Messrs. KITCHELL, MOULTON & CHAFFEE, for the plaintiffs in error.

Messrs. HENRY, READ & PENWELL, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case defendants in error served a notice on the plaintiffs in error, with others, that they would apply, at the next term of the circuit court of Shelby county, for the appointment of a commission of surveyors, under the act of March 25, 1869, for the permanent location of the boundary lines of lands owned by the parties. At that term the court appointed three surveyors, one of whom was subsequently removed and another appointed, and the commission thus organized made a survey, and report to the circuit court. When it was filed, exceptions were taken by Tallon, Joseph and Elizabeth Gehle. On the hearing, the objections of Tallon and Joseph Gehle were not disposed of by the court, but those of Elizabeth Gehle were overruled and the report affirmed.

It is objected that the notice was served by one of the defendants in error, and was for that reason irregular. As a general, if not a uniform rule, the law will not intrust the parties to a suit to serve process in the case, and the rule extends to all persons having an interest in the proceeding. It is by this notice that the adverse parties are brought into court. It is in that mode the statute has provided for acquiring jurisdiction of the defendants. This notice, then, supplies the place of the summons in ordinary cases, and should be served by a person having no interest in the suit, a person free from all temptation to act unfairly in making the service. But plaintiffs did not except to the service before entering their appearance for the trial. Other objections were made, but this was omitted. Objections to the report, when filed, operate like a plea to form the issue, and upon them the trial of the case is had. By failing to object to the

service by one of the parties, and entering their appearance in full, they waived the objection. To insist on it here, there should have been a motion to quash the return, made before there was a general appearance. But this does not apply to those who did not appear, and were defaulted. They can raise the objection here.

It is next urged that the court below erred in making a final order disposing of the case, without passing upon the objections filed by Tallon and Joseph Gehle.

The statute has declared that the trial in the circuit court shall be upon objections filed. From the record, then, it would appear that the trial of the case was not upon the issues raised by them. This was erroneous, as the court could not properly render a judgment against them until the objections were tried and disposed of. Nor can we indulge any presumptions that the objections were determined, as the record only says that the objections filed by Elizabeth Gehle were heard and overruled, and is silent as to the others. The statute requires the court to hear the objections, and decide the case on them.

We now come to consider the question whether or not under this statute the court below had or could acquire jurisdiction over the lands in Christian county, or of the persons living in that county, and owning those lands. This act (Sess. Laws 1869, p. 241,) provides, by the first section, that the parties may agree to have a surveyor to settle their lines, and that his survey and plat recorded shall bind the parties and those claiming in privity, and that it shall never be changed.

The second section provides that, where any person or persons shall be desirous of having the lines to their lands permanently established, and the parties in interest shall not consent to have them established, as provided in the first section, they may cause a notice in writing to be served on the owner or owners of adjacent tracts, if known, and residing in the county where the lands are situated, or, if not known, and residing in the county, then a notice may be published in

a newspaper, etc., that such persons will apply to the circuit court of the county in which such lands are situated, at its next term, to appoint a commission of surveyors to survey and permanently establish the corners and boundaries of the same.

The third section provides for the appointment of the commission, and prescribes their duty.

The fourth section provides for the manner of filing objections to the report, and for trying the same. These are the only sections which can in anywise apply to this case.

Did the court, then, acquire jurisdiction of the person or the subject matter of those in Christian county? Defendants in error resided in, and their land was situated in Shelby county, and they were clearly, as well as their lands, within the jurisdiction of the circuit court of that county. But plaintiffs in error and their lands were permanently in Christian county, and they and their lands, all will concede, are not within the letter of the law. It only embraces the persons and lands in the county in which the court is held.

Does the fact that the lands in Christian county adjoin those in Shelby county bring the case within the spirit of the law? Were it not for the peculiarity of the phraseology of the law, we might so hold. There is no ambiguity in the language of the section. It only authorizes a service on owners residing in the county where the lands are situated, "or, if not known, and residing in such county," then a notice may be published. This requires the lands to be situated in the county where the court is held, and the owners to reside therein. It is expressly limited to the court of the county in which the lands lie, and it will be observed that notice can not be published unless two things concur: First, the owners of adjacent lands to that of the petitioners must reside in the county in which the lands to be affected lie; and, secondly, the names of such owners must be unknown. This unquestionably limits the proceeding to lands of the county

where the court taking jurisdiction is held, and in which all of the parties reside.

There is no provision for giving notice to any one residing out of the county, or where the land to be affected is in another county. It may be that, had we the power to amend the law, we should embrace such cases as the present in its provisions, but we have no such power. It may be an omission that did not occur to the framers of the law, but we are not warranted in holding that they intended anything but what they have provided for by the act. We are compelled to construe the language employed according to the canons of construction, and they will not admit of one which holds that something is included that the language seems to clearly exclude.

As this case involves not only the settlement of the boundaries of these lands, but the boundaries between townships and counties, the general assembly may have been unwilling to intrust the power to three commissioners to change or to settle the boundaries between counties. As the boundary of these counties is the line between the townships in which the land is situated, any change of the place where the township line has been supposed to be would, to an equal extent, change the place where the boundary line of the counties was supposed to be established.

A careful consideration of the case has constrained the majority of the court to hold that the circuit court of Shelby county did not have jurisdiction to appoint commissioners to settle the boundary lines of the lands of plaintiffs in error, who lived in Christian county, and whose lands were situated therein; and even if the court acquired jurisdiction of a part of plaintiffs in error by their appearance, still there was a want of jurisdiction over those against whom a default was entered, and over the lands lying in another county.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*