## Charles W. Tomlin v. Walter G. Fisher.

*Certiorari: Affidavit: Return.* In *certiorari* to review the proceedings of a commissioner upon a *habeas corpus* to inquire into the cause of the imprisonment of one held on an execution from a justice's court in an action of replevin, the statement in the affidavit for the *certiorari*, of the contents of the justice's docket in the replevin suit, cannot be received as evidence of what such contents were, unless adopted by the return as true.

*Replevin: Imprisonment of defendant.* Imprisonment of a defendant in replevin, though expressly allowed by statute (*Comp. L.*, § *5393*) on an execution issued upon the judgment of a justice of the peace, is not allowed on an execution in the same action in the circuit; and could therefore be avoided by an appeal.

*Heard July 8.    Decided July 25.*

*Certiorari* to N. W. Nelson, circuit court commissioner for Manistee county.

No question of the commissioner's jurisdiction was made in the case.

*S. W. Fowler,* for plaintiff in *certiorari.*

*Ramsdell & Benedict,* for defendant in *certiorari.*

CHRISTIANCY, CH. J.

This is a *certiorari* to a circuit court commissioner, to bring up the proceedings had before him on a *habeas corpus* issued by him to inquire into the causes of Fisher's imprisonment; Fisher having been imprisoned on an execution from a justice's court in an action of replevin brought against him by Tomlin.

The affidavit for the *certiorari* sets forth, among other things, what is stated to be a copy of the justice's docket in the replevin suit, tending to show that the justice had obtained jurisdiction both of the cause and of the person of the defendant in that suit. But it was stated on the argument, and we do not understand it to be denied, that no copy of the affidavit for the writ of *certiorari* was served upon the commissioner, and the commissioner's return does not allude to it.

The commissioner, among other things, states in his return that the justice who issued the execution in the replevin suit was sworn before him, and produced his docket and files in that suit, but he does not state the contents or purport of either, nor whether the alleged copy attached to the affidavit for the *certiorari* is a copy of the docket as produced. The return, however, does state that upon the evidence before the commissioner he found that the justice had no jurisdiction of the petitioner (defendant in the execution), and he discharged him from imprisonment.

As the statement of the contents of the docket in the affidavit cannot be taken as evidence here of what such contents were, unless adopted by the return as true, it is quite evident we have not before us, in the present shape of the record, any evidence to show that the commissioner erred in discharging the prisoner.

We intimated this difficulty to the counsel for the plaintiff in *certiorari*, upon the argument, but he did not choose to move for a further return. He had, at a previous term, obtained one order for a further return as to other facts, but asked none as to the facts above stated. An amended return, in answer to that application, has been made. In view of these proceedings as well as the further fact that the imprisonment of a defendant on a justice's execution in an action of replevin, is somewhat anomalous, and though expressly allowed (*Comp. L.*, § 5393), no imprisonment is allowed on an execution in the same action in the circuit court (*Fuller v. Bowker, 11 Mich.*, 204), and the defendant in a justice's court might avoid the imprisonment by appealing the case to the circuit, we think, under all the circumstances, that the case is not one in which we should be justified in ordering a further return upon our own motion.

The order of the circuit court commissioner discharging the prisoner must therefore be affirmed, with costs.

COOLEY and GRAVES, JJ., concurred.

CAMPBELL, J., did not sit in this case.