BENJAMIN F. MORTON v. JOHN G. CRANE.

*Service of summons by party litigant—Justice not answerable for judicial acts in civil suits—Docket should show whether parties appear in person or otherwise.*

A constable cannot serve a summons in an action in which he is plaintiff.

No action lies against a judicial officer for anything done by him in his judicial capacity; as in taking jurisdiction in good faith upon an erroneous determination of the sufficiency of the appearance for the defense.

A justice ought to show by his docket whether a party appeared in person or otherwise; and where an attorney appears, his authority should be shown on oath if there is reason to question it.

Error to Washtenaw. Submitted October 17. Decided October 31.

TRESPASS ON THE CASE. Plaintiff brings error.

*Joslin & Whitman* for plaintiff in error. A justice is liable for illegal ministerial acts; to the party injured thereby, *Houghton v. Swarthout,* 1 Den., 589; *Wall v. Trumbull,* 16 Mich., 235; *Christopher v. Van Liew,* 57 Barb., 17; *Mastin v. Duncan,* 17 Amer. L. Reg., 564; and making entries in his docket and issuing process are ministerial acts, *Hickey v. Hinsdale,* 8 Mich., 272; *People v. Lowell,* 9 Mich., 148; *LaRoe v. Roeser,* 8 Mich., 541; *Tompkins v. Sands,* 8 Wend., 462; *Percival v. Jones,* 2 Johns. Cas., 49; when a justice enters judgment and issues execution against a defendant who has not been served with summons, there being no return showing such service, and no appearance by defendant, he is liable as a trespasser for acts done under the execution, Freeman on Judgments, § 530, n. 4; Herman on Executions, 220–1; *Inos v. Winspear,* 18 Cal., 397; *Tobin v. Addison,* 2 Strobh, 3; *Holtzman v. Robinson,* 2 MacArthur, 520; *Harrington v. People,* 6 Barb., 610; *Adkins v. Brewer,* 3 Cow., 209; *Bigelow v. Stearns,* 19 Johns., 39; *Mills v. Martin,* 19 Johns., 7; *Borden v. Fitch,* 15 Johns., 121; *Bloom v. Burdick,* 1 Hill, 139; *Wright v. Douglass,* 10 Barb., 110.

*Frank Emerick* for defendant in error. A justice is not bound to require proof of the authority of one who appears as attorney for one of the parties if the other does not object to his appearance, *Ackerman v. Finch,* 15 Wend., 652; *Sperry v. Reynolds,* 5 Lans., 407; a party to a judgment can impeach it for defect of process or insufficiency of service only by proceedings instituted directly for the purpose, *Hendrick v. Whittemore,* 105 Mass., 23; *Goodsell v. Leonard,* 23 Mich., 374; *Brown v. Nichols,* 42 N. Y., 26; if the attorney exceeds his authority, he is answerable for any injury that results

from it to his client, *Ingalls v. Sprague,* 10 Wend., 672; *Armstrong v. Craig,* 18 Barb., 387.

COOLEY, J.  Morton sued Crane, who is a justice of the peace, for entering up judgment against him without jurisdiction, in an action instituted by one Rose, and issuing execution thereon by virtue of which the property of Morton was seized and sold. The main facts in the case are not in controversy, and the questions in dispute are purely questions of law.

The proceedings in the suit by Rose against Morton are in evidence, and they are full of errors. The suit was commenced by summons, and Rose being a constable, the summons was put into his hands for service. There are decisions in New York which hold that where the first process in a suit is not process against the body, the plaintiff if a constable and otherwise disqualified may serve it himself; though the same cases concede that he could not in his own suit serve a warrant or an execution. *Bennet v. Fuller,* 4 Johns., 486; *Tuttle v. Hunt,* 2 Cow., 436; *Putnam v. Man,* 3 Wend., 203. The reason for holding that he may serve the one process but not the others appears to be that in the case of a summons there is no special danger of abuse, while in the other cases there would be. We have not been able to assent to this conclusion. The danger of abuse in case of a summons consists in this, that the officer may falsely make return of a service never made, and thereby put himself in position to obtain judgment by default against a party who perhaps will hear of the proceedings for the first time when an execution appears against him. No danger of abuse from an officer serving his own process can be greater than this, and the practice which would subject the officer to this temptation should not be tolerated. The courts generally have adhered with great propriety and justice to the rule that in no case shall a man be officer and party in the same proceeding. *Singletary v. Carter,* 1 Bailey (S. C.), 467;

*Gage v. Graffam,* 11 Mass., 181.; *Woods v. Gilson,* 17 Ill., 218; *Filkins v. O'Sullivan,* 79 Ill., 524; *Boykin v. Edwards,* 21 Ala., 261; *Ford v. Dyer,* 26 Miss., 243; *Chambers v. Thomas,* 3 A. K. Marsh., 536. In *Parmalee v. Loomis,* 24 Mich., 242, this court declined to follow the New York cases, but at the same time held that the service by an officer of a summons in his own favor was an irregularity only.

In this case the service was made by copy, and under the statute, unless the defendant appeared, the plaintiff must take out a new summons in continuation of the suit. Comp. L., § 5263. Morton did not appear in person, but one Hitchcock appeared in his name, and consented to an adjournment of the case to a future day. Crane thereupon made an entry in his docket that "parties appeared," without showing how, and entered a continuance as was agreed. On the adjourned day there was no appearance for defendant, and Rose took judgment.

It now appears that Hitchcock was sent to Crane's office by Morton's father, with directions to answer for Morton in another case, but not to appear for him in the Rose suit, and that it was in disregard of his instructions that he answered for Morton when the Rose suit was called. His appearance in that case was therefore entirely without authority.

The complaint made againt Crane is that he falsely entered on his docket that the defendant appeared. But had the appearance of Hitchcock been authorized, no complaint could have been made of this entry. It is proper that in every case the justice should make his docket show in what manner the parties appear, but there is no statute expressly requiring it. The party "appears" as much when he answers by attorney as when he answers in person.

But it is said the justice was not justified in permitting Hitchcock to appear for Morton without first enquiring into the facts, and that inquiry would have disclosed

39 MICH.—67.

the want of authority.    In effect, it is said, Crane gave
to himself apparent jurisdiction to proceed by his
unfounded assumption that Hitchcock was authorized;
and that the want of authority appearing, the apparent
jurisdiction is disproved.

No doubt the justice was very careless and blameable;
but the question on this part of the case is whether in
permitting Hitchcock to appear and adjourning the case
he was acting judicially.    The rule is too well settled
for further controversy that no action will lie against
a judicial officer for anything done by him in his judi-
cial capacity.    *Mostyn v. Fabrigas,* 1 Cowp., 161; *Dicas v.
Lord Brougham,* 6 C. & P., 249; *Fray v. Blackburn,* 3
B. & S., 576; *Bradley v. Fisher,* 13 Wall., 335; *Yates
v. Lansing,* 5 Johns., 282, and 9 Johns., 395; *Phelps v.
Sill,* 1 Day, 315; *Raymond v. Bolles,* 11 Cush., 315;
*Stone v. Graves,* 8 Mo., 148; *Taylor v. Doremus,* 16 N.
J., 473.

That the action was judicial is unquestionable.    A
suit had been begun, and it was the duty of the justice
to call it and see if the parties appeared.    The plaintiff
did appear, and Hitchcock answered for the defendant.
If he answered with authority, the justice was possessed
of the case for the purposes of a trial, but if not, the
suit would go down unless a new summons was taken
out.    A question was therefore presented for decision by
the justice, whether Hitchcock was or was not author-
ized to appear, and upon this the justice was compelled
to pass.    No reason can be assigned for holding him
responsible for an erroneous decision of this question
that would not apply to the case of an error at any
stage of the case.    It is true he should have been more
cautious and required a showing of authority under oath;
but it is not the grossness of the fault that can render
him responsible: the law protects him from responsi-
bility in civil suits from strong reasons of public policy,
and it permits no inquiry further when it is once shown
that the action complained of was judicial.

Had the justice assumed jurisdiction when the law gave him none, he would not be protected, because in such a case he would falsely assume a judicial character which he did not possess. *Wingate v. Waite,* 6 M. & W., 739; *Piper v. Pearson,* 2 Gray, 120. But such was not this case. The worst that can be said here is that the further authority of the justice to act depended upon the truth of Hitchcock's assumption of right to appear. But upon this the justice was required judicially to pass; and when the jurisdiction depends upon facts which are to be found by the magistrate himself, his finding in favor of jurisdiction is a complete protection even though it prove to be erroneous. *Cave v. Mountain,* 1 Man. & Gr., 257.

The judgment must be affirmed with costs.

The other Justices concurred.