(23 Misc. Rep. 544.)

### SMITH v. BURLISS.

(Oswego County Court. May, 1898.)

PROCESS—SERVICE OF SUMMONS.
> Under Code Civ. Proc. § 3156, prohibiting a party to an action from being deputized to serve a mandate in that action, a constable cannot serve a summons in an action in which he is plaintiff.

Appeal from justice court.

Action by Edgar H. Smith against Charles Burliss. From a judgment, defendant appeals. Reversed.

O. M. Reilly, for appellant.

F. G. Spencer, for respondent.

STOWELL, J. Appeal from a judgment in favor of the respondent, and against the appellant, in justice's court. There is only one

question in this case. It was conceded upon the argument that the plaintiff served the summons upon the defendant,—plaintiff being at the time a duly-elected constable of the town of Schroeppel,—and the justice's return shows the same. It is claimed by the appellant that the justice acquired no jurisdiction by such service. The respondent contends that under the authority of Tuttle v. Hunt, 2 Cow. 436, and Putnam v. Man, 3 Wend. 202, jurisdiction was acquired. Tuttle v. Hunt seems to have been decided upon the authority of Bennet v. Fuller, 4 Johns. 486; and Putnam v. Man was decided upon the same authority as that of Tuttle v. Hunt. An examination of Bennet v. Fuller shows it to have been decided upon the ground that "the practice of deputing the plaintiff to serve his own writ has been of long duration," and therefore it would be going too far to say that the plaintiff could not in any case serve a writ in his own favor. Section 3156 of the Code of Civil Procedure, however, expressly prohibits a party to the action from being deputized to serve a mandate in that action. If the practice which formerly prevailed has been expressly prohibited, it seems to me that the rule deduced from that practice must also be considered as abrogated. I believe it to be the plain intent of the Code that no person who is a party to an action shall serve a summons in that action. Code Civ. Proc. §§ 425, 3156; Warring v. Keeler, 11 Misc. Rep. 451, 33 N. Y. Supp. 415; Decker v. Ekelman, 17 Misc. Rep. 665, 41 N. Y. Supp. 412. The judgment should be reversed, upon the ground that no jurisdiction was acquired by the service of the summons.

Judgment reversed, with costs.