### STATE v. ANDREW W. SNYDER.

Submitted June Term, 1907—Decided November 11, 1907.

1. The legislature by the act to establish a uniform procedure for the enforcement of laws relating to fish, game and birds (*Pamph. L.* 1897, *p.* 109), has authorized the fish and game wardens to prosecute for penalties and to arrest persons against whom a warrant has been issued. *Held,* that a warden may make the arrest even in a case in which he himself is the prosecutor, and although he is entitled to receive one-third of the penalty.

2. The amendment of 1906 of the Game law of 1903 (*Pamph. L.* 1906, *p.* 699), is to be read as an independent enactment and extends the close season for deer for three years from 1906.

On *certiorari.*

Before Justices GARRISON and SWAYZE.

For the prosecutor, *Joseph F. Smith.*

For the state, *Nelson B. Gaskill,* assistant attorney-general.

The opinion of the court was delivered by

SWAYZE, J. This is a prosecution for a penalty under the game laws for unlawfully attempting to take, kill, injure and destroy a wild deer. The prosecutor is one of the fish and game wardens of the state.

The first objection is that the prosecutor was himself the officer who served the warrant and arrested the defendant, and it is urged that this was improper because he was interested to the extent of one-third of the penalty.

It is not necessarily fatal to a proceeding that the officer who serves the writ is himself a party. *Bennet* v. *Fuller,* 4 *Johns.* 486; *Tuttle* v. *Hunt,* 2 *Cow.* 436; *Putnam* v. *Man,* 3 *Wend.* 202. It is an irregularity only (*Parmalee* v. *Loomis,* 24 *Mich.* 242), or the subject of a plea in abatement. *Shaw* v. *Baldwin,* 33 *Vt.* 447. In Massachusetts it has been held

that the process was not rendered void in such a case, but if it is questioned, upon motion or a plea in abatement the proceedings will be set aside, or the defendant may be discharged, but if the defendant appears and answers, it is not error in the proceedings that process has been served by an officer related to one of the parties. *Gage* v. *Graffam,* 11 *Mass.* 181. There is, we think, no reason why the legislature may not authorize service of process by one who is himself entitled to a share of the penalty, and the statute indicates that such was the legislative intent. The warrant may be issued to one of the wardens (*Pamph. L.* 1897, *p.* 109, § 3), and he is one of the class of persons who alone are authorized to institute the proceedings. *Pamph. L.* 1897, *p.* 113, § 16. If this were not so the defendant could not now raise the objection, for he has pleaded to the merits *nolo contendere,* which is equivalent to a plea of guilty.

The real question in the case is the proper construction of the act of June 19th, 1906. *Pamph. L., p.* 699. That act purports to be an amendment of section 1 of the act of April 5th, 1904 (*Pamph. L., p.* 406), which itself is an amendment of the revised Game law of 1903. *Pamph. L., p.* 526. Section 16 of the act of 1903 established a close season for deer for two years after the passage of the act. The only object of the amendment of this section in the act of 1904 seems to have been to exempt from its operation deer legally killed in other states. The amendment of 1906 on its face purports to amend section one of the act of 1904, but, in reciting it, omits to indicate that it was section 16 of the act of 1903. The mistake is obvious, and we think may fairly be disregarded. The language of the amended section follows that of the act of 1903, but substitutes the word "three" for "two," so that it reads "it shall be unlawful for three years after the passage of this act for any person," &c. The other changes it is not now important to consider.

The act of 1903 was approved April 14th, 1903. The act of 1906 was approved June 19th, 1906.

The argument of the defendant is that the amendment of 1906 must be read as a part of the original act, and that the

three years provided by the amendment therefore expired April 14th, 1906. We do not question the general rule of construction of amendatory acts for which the defendant contends, but it is a rule of construction only. The fact that in the present case it leads .to an absurd result is sufficient to show that it is not applicable. The legislature could never have intended in 1906 to provide for a change in the close season for deer which would be wholly without effect; yet that would be the result if in June, 1906, the close season was made to extend only to the preceding April. It is quite evident that the legislature meant the close season to extend three years from the date of the act of 1906, and in this respect the act of 1906 is to be read as an independent enactment.

The conviction must be affirmed, with costs.