The People *ex rel.* Isaac C. Lafferty *et al.* Appellants, *vs.* Leonard Feicke *et al.* Appellees.

*Opinion filed December 21, 1911.*

1. Quo warranto—*a plea in quo warranto must affirmatively show jurisdiction to organize.* A plea to an information in the nature of *quo warranto* which seeks to justify by showing the legal organization of the municipal body, must affirmatively show that jurisdiction existed in the proceeding by which such body was organized.

2. Schools—*purpose of the provision for serving notice of proposed change of districts.* The purpose of the statute in providing for service of notice in writing and a copy of the petition upon either the president or clerk of the board of directors of the school districts affected by the change of school districts proposed in the petition is to give the board an opportunity to be heard for or against the allowance of the petition, and the giving of the notice and serving of the copy of the petition is necessary to the jurisdiction of the trustees to act on the petition.

3. Same—*service of notice and copy of a petition by petitioner on himself, as clerk, is not sufficient.* Where one of the petitioners for the formation of a new school district out of parts of three others attempts to give the notice and serve the copy of the petition upon himself, as clerk of the board of directors of one of the districts affected by the proposed change, there is no such service as is contemplated by the statute even though it may conform to the letter thereof, and the trustees are without jurisdiction to grant the prayer of the petition.

4. PROCESS—*when the service of process confers no jurisdiction.* Where one occupies a fiduciary or representative relation to a person of the subject matter to be affected by an action or proceeding and has some personal interest in such proceeding, either as a party or otherwise, antagonistic to the interests of those whom he represents, service of jurisdictional process upon him will not confer jurisdiction even though the statute may provide for service upon one occupying such relation.

APPEAL from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

V. F. BROWNE, State's Attorney, and HERRICK & HERRICK, for appellants.

INGHAM & INGHAM, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The State's attorney of DeWitt county, on the relation of Isaac C. Lafferty and the school directors of district No. 11 in said county, filed an information in the nature of a *quo warranto* in the circuit court of the said county against Leonard Feicke, James D. North and Joseph Kinnett, and against school district No. 107, of which the three persons named pretended to be school directors. The purpose of the information was to require the defendants to show by what right and authority they pretended to exercise the office of school directors and by what right said school district assumed to be a legally incorporated school district. To the amended information the defendants filed a plea which purported to set out all of the proceedings by which a school district was organized out of territory detached from school districts Nos. 10, 11 and 20, and also the calling and holding of an election in the said district No. 107, at which Feicke, North and Kinnett were declared elected school directors of the new school district. To this plea a demurrer was interposed and overruled. The plaintiffs elected to abide by their demurrer and their petition

was dismissed. The present appeal is prosecuted by plaintiffs below from the judgment overruling the demurrer and dismissing the petition and adjudging costs against relators.

The controversy in this case grows out of an attempt to organize a new school district out of territory belonging to three school districts. The territory composing the school districts affected was in three different townships. Districts Nos. 10 and 11 are wholly within township 21, north, range 4, east, which is known as Rutledge township. District No. 20 is partly in Rutledge township and partly in township 20, north, range 3, east, called Hart township, and partly in township 20, north, range 4, east, called De-Witt township. Three school districts and three townships were therefore interested in the formation of the proposed new district. The statute provides that when a new district is to be formed out of parts of other districts, a petition shall be filed with the clerk of the board of trustees of the township in which such territory is located, at least twenty days before the regular meeting in April, and also requires that a copy of the petition, with notice in writing signed by one or more of the petitioners, shall be delivered by one of the petitioners not less than ten days before the day on which the petition is to be considered, to either the president or the clerk of the school directors of the district that will be affected by granting the prayer of such petition. The plea filed by appellees sets out in detail what was done by the petitioners as a compliance with the statute in regard to serving a copy of the petition and written notice upon the three boards of school directors whose districts were affected by the proposed change. Leonard Feicke was one of the petitioners for the formation of the new district. He was also a school director and clerk of the board in school district No. 11, in Rutledge township. The plea shows that Feicke, as a petitioner, attempted to serve a copy of the petition and notice in writing upon the board of directors of district No. 11 by delivering to himself a copy

of said petition and written notice. In other words, the plea shows that the only service of the petition and written notice upon district No. 11 was a service by Leonard Feicke, as a petitioner for the formation of the new district, upon Leonard Feicke, clerk of the board of school directors of district No. 11, by delivering to himself the copy of the petition and notice set out in the plea. The only question discussed by counsel on either side is the sufficiency of the service shown by the plea upon the board of directors of district No. 11.

The statute contemplates a hearing before the trustees upon a petition for the formation of a new school district, and the purpose of requiring a copy of the petition and written notice to be served upon the president or clerk of the board of directors in each district whose territory is affected by the proposed change, is to afford an opportunity for the districts concerned to appear and present reasons for or against the allowance of such petition. The giving of this notice and serving a copy of the petition upon the president or clerk of the board of school directors of the districts affected is necessary to give the trustees jurisdiction to act upon the petition. In a plea to an information in *quo warranto* seeking to justify, it must affirmatively be shown that jurisdiction existed in the proceeding by which the municipal body was organized. (*Miller* v. *Trustees of Schools*, 88 Ill. 26; *Mason* v. *People*, 185 id. 302.) The law is well established that a party to a suit cannot serve his own writ. (*Filkins* v. *O'Sullivan*, 79 Ill. 524.) The reason for this rule is, that the party serving process should be a wholly disinterested person. (*Tallon* v. *Schempf*, 67 Ill. 472.) If such a practice were sanctioned there would be great danger of abuse and inducement to the person making the service to make a false return, and thereby put himself in a position to obtain judgment by default or some other undue advantage over the opposite party, who would perhaps not know anything of the proceeding until after

2 5 2 — 2 7

judgment had been rendered against him. The courts have therefore generally adhered, with great propriety and justice, to the rule that in no case can a person be both officer and party in the same proceeding. (*Woods* v. *Gilson,* 17 Ill. 218; *Gage* v. *Griffin,* 11 Mass. 181; *Morton* v. *Crane,* 39 Mich. 526.) In the case at bar we have a petitioner serving the only process provided by the statute to be served, upon himself. This service was in compliance with the letter of the statute but in violation of its spirit. Feicke's interest as a petitioner for the new district was antagonistic to his position as a member of the board of directors of school district No. 11. A service of notice by himself, as a petitioner, upon himself, as clerk of the board of school directors, cannot be held to be a compliance with the statute.

*Tallon* v. *Schempf, supra,* was a statutory proceeding for the purpose of appointing a commission of surveyors to locate a boundary line between the parties. The notice required by the statute was served by an interested party. It was held that the notice answered the purpose of a summons and that it could not legally be served by an interested party, and that such service did not give the circuit court jurisdiction to appoint a board of surveyors to locate a boundary line. The same question arose again in this court in *Lee* v. *Fox,* 89 Ill. 226, which was also a statutory proceeding to establish a boundary line by a board of surveyors, and the rule announced in the *Schempf case* was re-affirmed and followed.

If a party cannot serve his own process upon his adversary because of the danger of abuse, there is much greater reason for saying that he cannot serve it upon himself when his personal interest is antagonistic to his duty in the capacity in which he is served with process. Service of process against a corporation on an officer or agent whose relation to the plaintiff or the claim in suit is such as to make it to his interest to suppress the fact of service is unauthorized,

though the person served is within the terms of the stat-
ute authorizing the service. (*Atwood* v. *Sault Ste. Marie
Light, Heat and Power Co.* 148 Mich. 224; 111 N. W.
Rep. 747.) In *St. Louis and Sandoval Coal and Mining
Co.* v. *Edwards,* 103 Ill. 472, this court held, on a bill by
a director of a corporation and others, stockholders and
creditors of the corporation, that service of summons by
leaving a copy with the complaining director was a void
service upon the corporation; that the director of the com-
pany upon whom the service was had being a complainant
and personally interested, the corporation was not bound by
service upon him. And in *St. Louis and Sandoval Coal
and Mining Co.* v. *Sandoval Coal and Mining Co.* 111 Ill.
32, the same rule was announced, and it is there held that
service of a summons on a corporation by leaving a copy
with one of the complainants in the suit who was also an
officer of the corporation is void.

In *Hemmer* v. *Wolfer,* 124 Ill. 435, a decree under
which real estate of minors had been sold was called in
question. Lorenzo E. Wolfer was the complainant and the
minor owners of the real estate were defendants in the
chancery proceeding under which the real estate had been
sold. Wolfer, the complainant, was the step-father of the
minor defendants and the said minors resided with him as
members of his family. The service of process was "by
leaving a copy for each of them at their usual place of
abode with Lorenzo E. Wolfer, a member of the family of
each of them, he being a person of the age of ten years and
upwards, at the same time informing him of the contents
thereof." This court held that the service was fatally de-
fective and that the decree rendered thereon was void as
to the minor defendants when called in question, even in a
collateral proceeding.

In *Heppe* v. *Szczepanski,* 209 Ill. 88, a decree of sale
was entered on petition of the executor to pay a balance
due on the award of the widow. The widow, though not

a party to the record, was beneficially interested in the proceeding and her interests were antagonistic to her minor children, who owned the fee. Service was had upon the minor owners by leaving a copy with their mother and explaining to her the contents thereof. Sufficient facts appearing of record to put purchasers on inquiry as to the manner of service and the relation of the mother to the minor children, this court held the decree and sale were void for want of jurisdiction. The rule announced in these cases is sustained by decisions in other jurisdictions. *Buck* v. *Ashuelot Manf. Co.* 86 Mass. 357; *George* v. *American Ginning Co.* 46 S. C. 1; *Whitehouse Mountain Gold Mining Co.* v. *Powell,* 30 Colo. 397.

The rule to be deduced from these cases is, that where one occupies a fiduciary or representative relation to a person or subject matter to be affected by an action or proceeding, and such person has some personal interest in such proceeding, either as a party or otherwise, antagonistic to the interest of others represented by him, service of jurisdictional process on such representative will confer no jurisdiction, even though the statute expressly provides for service on one in such relation. Under the law the service upon Feicke is void, not because it was served by him, but because it was served upon him, as clerk of the board of directors of district No. 11, when he was a petitioner and had personal interests antagonistic to his duty as director and clerk of the board. The plea in this case attempting to justify did not, therefore, show a legal organization of school district No. 107, and the court erred in overruling the demurrer to such plea.

The judgment of the circuit court is reversed and the cause remanded, with directions to sustain the demurrer to the plea, and for further proceedings in accordance with the views herein expressed.        *Reversed and remanded.*