GENERAL MOTORS ACCEPTANCE CORPORATION *v.* ELLAR.

1. EXECUTION—WRIT OF CAPIAS AD SATISFACIENDUM NOT ISSUABLE IN REPLEVIN ACTION.

Under section 20, Art. 2, of the Constitution, and section 12818, 3 Comp. Laws 1915, the circuit court is without jurisdiction to order the issue of the writ of *capias ad satisfaciendum* to satisfy judgment in replevin action, execution upon which was returned unsatisfied.

2. SAME—VALIDITY OF WRIT MAY BE ATTACKED IN AN ACTION ON BOND GIVEN TO SHERIFF.

A writ of *capias ad satisfaciendum* issued to satisfy a judgment in replevin action, being absolutely void upon its face, its validity could be questioned in an action on the bond given by defendant to the sheriff for the jail limits.

3. COURTS—LACK OF JURISDICTION MAY BE RAISED IN ANY PROCEEDING TO ENFORCE ORDER.

The lack of jurisdiction over the subject-matter may be raised in any proceeding wherein it is sought to enforce the order made or judgment entered.

4. EXECUTION—WRIT OF CAPIAS AD SATISFACIENDUM BEING VOID, BAIL BOND GIVEN TO SHERIFF WAS ALSO VOID.

Where a writ of *capias ad satisfaciendum* issued to satisfy a judgment in replevin action was void, the bail bond given to the sheriff by defendant was also necessarily void, and no action could be predicated thereon.

5. SAME—RIGHT TO BODY EXECUTION IN JUSTICE'S COURT IN REPLEVIN ACTION LOST BY DEFENDANT'S APPEAL.

Plaintiff, who brought replevin in justice's court and secured judgment on failure to obtain the property, was entitled to the issuance of a body execution on such judgment, but the right thereto was forestalled by defendant's appeal to the circuit court, and although the proofs there submitted were the same as if the action had been in trover, the statute does not authorize the issuance of a body execution on the judgment there entered.

Error to Wayne; Merriam (De Witt H.), J. Submitted June 5, 1928. (Docket No. 17, Calendar No. 33,761.) Decided July 24, 1928.

Assumpsit by the General Motors Acceptance Corporation, assignee of Edward F. Stein, sheriff, against Norman H. Ellar, Arthur R. Kosel, and Morris (Maurice) D. Smilay on a *capias ad satisfaciendum* bond. Summary judgment for plaintiff. Defendants bring error. Reversed, and judgment ordered entered for defendants.

*Maurice D. Smilay* and *Frank L. Martin,* for appellants.

*Dykema, Jones & Wheat,* for appellee.

SHARPE, J. Plaintiff brought replevin against the defendant Smilay in justice's court, in the city of Detroit, and, not having obtained the property, secured a judgment for the value thereof in the sum of $500. The defendant appealed to the circuit court. On trial there, plaintiff had judgment

for $484.65 against the defendant and Arthur R. Kosel, the surety on his appeal bond. An execution issued thereon was returned unsatisfied. On application to the court, an order was made that Smilay execute a new bond within 20 days, or, in default thereof, a writ of *capias ad satisfaciendum* should issue. The bond was not furnished. On March 20, 1927, the writ was issued and Smilay taken into custody thereunder. He thereupon gave a bond to the sheriff for the jail limits, and was released. On October 18, 1927, Smilay absented himself from the county of Wayne. The plaintiff thereupon secured an assignment of the bond from the sheriff, and brought this action to recover the amount of its judgment from Smilay and the other defendants, the sureties on such bond. After the cause was at issue, plaintiff moved for summary judgment. In his affidavit of merits Smilay averred that the writ was issued without authority of law. Plaintiff had judgment, and defendants here by review assign error on the refusal of the court to enter judgment in their favor.

The material facts are not in dispute. The first question presented is whether the circuit court had jurisdiction to order the issue of the writ of *capias ad satisfaciendum* to satisfy the judgment. Section 20 of article 2 of the Constitution reads:

"No person shall be imprisoned for debt arising out of, or founded on a contract, express or implied, except in cases of fraud or breach of trust, or of moneys collected by public officers or in any professional employment. No person shall be imprisoned for military fine in time of peace."

This provision was in the Constitution of 1850 (Art. 6, § 33).

Section 12818, 3 Comp. Laws 1915, provides for the issuance of executions against the body of the de-

fendant "in the cases authorized by law." This section was a re-enactment of section 4444 of the Compiled Laws of 1857, and has appeared in the several compilations since that time.

In *Fuller* v. *Bowker,* 11 Mich. 204 (decided in 1863), the question above stated was considered by Mr. Justice Christiancy at length. He called attention to the fact that the issue of such a writ by the circuit court in an action of replevin was not authorized by any statute. He then discussed the applicable rules of the common law relating thereto, and concluded that its issue was permitted only in cases where the writ of *capias ad respondendum* might issue as the commencement of suit. He said:

"Originally the *capias ad satisfaciendum* lay at common law only in trespass *vi et armis.* But as statutes were subsequently passed, giving the *capias ad respondendum* as the mesne process in other cases, the *capias ad satisfaciendum* was held to follow, as a common law incident. But in no case was the latter allowed without the former, unless directly authorized by statute."

He further said:

"By our statute there is no case in which the arrest of the defendant is allowed on mesne process (or the original writ) in an action of replevin; and hence by the common-law rule, no execution can be issued in the action against the body of the defendant."

This holding was cited with approval in *Badger* v. *Reade,* 39 Mich. 771, 775. The reasoning has been quoted from in many cases. See *Forsythe* v. *Washtenaw Circuit Judge,* 180 Mich. 633, 636 (L. R. A. 1915A, 706); *Westerhouse* v. *Ottawa Circuit Judge,* 212 Mich. 457, 459; *Stephenson* v. *Purchase,* 214 Mich. 95, 108 (14 A. L. R. 496). While such a writ may be issued for the collection of a judgment in justice's court in replevin (3 Comp. Laws 1915, § 14293)—

"no imprisonment is allowed on an execution in the same action in the circuit court *(Fuller* v. *Bowker,* 11 Mich. 204), and the defendant in a justice's court might avoid the imprisonment by appealing the case to the circuit." *Tomlin* v. *Fisher,* 27 Mich. 524, 526.

The plaintiff in the collection of his judgment is there protected by the bond given on appeal. It must therefore be held, as stated in the *Fuller Case,* that—

"there was no authority of law for issuing the writ in question, that it was not merely irregular and voidable, but absolutely void upon its face."

This holding disposes of plaintiff's second contention that the validity of the writ may not be attacked in this proceeding. The lack of jurisdiction over the subject-matter may be raised in any proceeding wherein it is sought to enforce the order made or judgment entered. *Barnes* v. *Curry,* 232 Mich. 532, 537, quoting with approval from *Greenvault* v. *Farmers, etc., Bank,* 2 Doug. 498, as follows:

"If a court act without authority, its judgments will be regarded as nullities; and the jurisdiction of the court exercising authority over a subject-matter may be inquired into in every court where the proceedings of the former are relied upon by a party claiming the benefit of such proceedings."

"The writ being void, the bail bond was also necessarily void" *(Fuller* v. *Bowker, supra),* and no action could be predicated thereon.

Plaintiff also contends that, as the goods and chattels were not seized upon the writ of replevin issued by the justice, the proceedings on the trial in that court were "substantially the same as those in an action of trover and the judgment rendered is a judgment for conversion." Its counsel rely on *Parmalee* v. *Loomis,* 24 Mich. 242, *Clark* v. *Dunlap,* 50 Mich. 492, and *McArthur* v. *Oliver,* 60 Mich. 605, to establish this claim. It is true, as was said in the *McArthur Case,* that—

"The property not having been seized upon the writ, the suit is essentially a personal action to recover the value, and is governed by the same principles as it would be were it an action of trover for the conversion of the property."

This is but expressive of the provision of the statute:

"If the goods and chattels specified in any writ of replevin shall not be found, or shall not be delivered to the plaintiff, he may proceed in the action for the recovery of the same." * * * 3 Comp. Laws 1915, § 13090.

The plaintiff was entitled to the issuance of a body execution on the judgment obtained in justice's court. But its right thereto was forestalled by the defendant's appeal. If the bond given on the appeal was not sufficient, a new one might have been ordered (section 14417) and the appeal dismissed if it was not furnished. Plaintiff had judgment in the circuit court against both the defendant and the surety on the appeal bond. While the proofs there submitted were no doubt the same as if the action had been in trover, the statute does not authorize the issuance of a body execution on the judgment there entered. A writ of *capias ad respondendum* could not have been issued when the appeal was taken.

It follows that when this action was heard in the circuit court a judgment should have been entered for the defendants. That entered is reversed and the cause remanded, with direction to enter judgment for defendants, with costs of both courts.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.