Singh v Dixie Import & Export Inc. (2025 NY Slip Op 51892(U))

[*1]

Singh v Dixie Import & Export Inc.

2025 NY Slip Op 51892(U)

Decided on December 1, 2025

Civil Court Of The City Of New York, Queens County

Kagan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 1, 2025
Civil Court of the City of New York, Queens County

Mark Singh, Petitioner,

against
Dixie Import and Export Inc., NAZMOON DOSRAMOS and JOHN DOE "1" to "10", Respondents

Index No. LT-312693-25/QU

Petitioner - David Scott Harris, Esq. 88-36 Sutphin Blvd Jamaica, New York 11435 Tel: (718) 291-5544 
Respondent - The Law Office of Tamara M. Harris 68-54 Austin Street, Suite 405 Forest Hills, New York 11375 Tel: (646) 960-2057 

Mark Kagan, J.

The respondents have moved seeking to dismiss the petition on the grounds service was improper because service was effectuated by counsel for petitioner. The petitioner has opposed the motion arguing service is proper. Pursuant to CPLR §2219(a) the court has reviewed all the documents and motion papers that pertain to this motion, specifically, NYSCEF documents #4, #6-8 and #10-19. After reviewing all the arguments this court now makes the following determination.
The petitioner commenced this holdover proceeding against the respondents, subtenants occupying space at 135-06 Lefferts Boulevard in South Ozone Park, New York. The petition was duly served by counsel for the petitioner pursuant to an affidavit executed by petitioner's [*2]counsel on August 29, 2025. The respondents have now moved seeking to dismiss the action on the grounds that counsel for the petitioner cannot serve any commencement documents. The respondents further argue counsel should be disqualified since counsel cannot act as both an attorney and a process server in the same litigation. As noted, the motion is opposed.
Conclusions of Law
At common law a party to a lawsuit was not permitted to serve process. One overarching reason was offered for this prohibition, namely, that it could engender dishonesty in service. Thus, in Tallon v. Schempf, 67 Ill. 472 [Supreme Court of Illinois 1873] the court explained that notice "should be served by a person having no interest in the suit, a person free from all temptation to act unfairly in making the service" (id). Again, in Morrissey v. Murphy, 137 F.Supp. 377 [Eastern District of Wisconsin 1956] the court explained that "a party to an action is not eligible to make and should be disqualified from making service of process in his own favor...To place parties to an action who stand to gain or to lose thereby, in a position to create an issue involving process would needlessly and substantially increase the burdens of the courts. It difficult [sic] to conceive of a greater opportunity for mischief than to allow interested litigants to be uninhibited from averring that they have made service in their own behalf" (id). In New York, it appears certain summonses were permitted to be served by a party (see, Bennet v. Fuller, 4 Johns. 386 [Supreme Court of New York 1809], however, that was later abrogated by statute (Smith v. Burliss, 23 Misc 544, 52 NYS 841 [County Court Oswego County 1898]). 
Likewise, at common law, some states prohibited counsel of a party to serve process on the grounds that "the service of process in a suit should be made by an indifferent person, and not by a party or one interested in the suit, as attorney or otherwise" (see, Rutherford v. Moody, 27 SW 230, 59 Ark. 328 [Supreme Court of Arkansas 1894]). Furthermore, even when statutes only prohibited service by a party many cases still prohibited service by counsel. Thus, in In re Evanishyn, 1 F.R.D. 202 [Southern District of New York 1939] where a statute only prohibited service by a party, the court held that an attorney "stands in the same relationship as a party" and thus could not effect service of process. Again, in Nevada Cornell Silver Mines v. Hankins, 279 P 27, 51 Nev. 420 [Supreme Court of Nevada 1929], a statute permitted service by any citizen over the age of twenty-one. The court held that notwithstanding such language the legislature never intended the statute to permit the litigants themselves from serving process and any other construction of the statute would "lead to injustice, oppression, or absurd results" (id). The court then noted that the same reasoning which precludes a party from serving process also precludes counsel to the party. In Nelson v. Chittenden, 123 P 656, 53 Colo. 30 [Supreme Court of Colorado 1912] the court held language in a statute that service could be performed by 'any person not a party to the action,' was "intended to mean any other person competent to make the service, which, of necessity, excludes the attorneys in the case, they being incompetent" (id).
CPLR §2103 states that service of process can be made by "any person" who is not a party to the lawsuit. Federal Rule of Civil Procedure §4(c)(2) states that service may be performed by "any person who is at least 18 years old and not a party" (id). The federal statute thus virtually mirrors the New York rule and cases interpreting the federal statute will prove instructive. Indeed, the modern trend which affords greater deference to the text of the statutory language has generally permitted service of process by counsel. In Jugolinija v. Blue Heaven Mills Inc., 115 F.R.D. 13 [Southern District of Georgia 1986] the court held that there is no statutory language prohibiting service of process by a party's attorney and thus such service is proper (see, also, Trustees of Local Union No. 727 Pension Fund v. Perfect Parking Inc., 126 [*3]F.R.D. 48 [Northern District of Illinois 1989] and Community Futures Trading Commission v. American Metals Exchange Corp., 693 F.Supp. 168 [District of New Jersey 1988], Hercules LLC v. Green Thumb Farm Trust, 2022 WL 2802924 [Middle District of Florida 2022], White v. Irene's Cuisine Inc., 2002 WL 31308388 [Eastern District of Louisiana 2002], Scearce v. Pittsylvania County Board of Supervisors, 2023 WL 6121129 [Western District of Virginia 2023]). Moreover, other states that contain similar statutory language have reached the same conclusion (see, Gibbons v. Belt, 231 Iowa 961, 33 NW2d 374 [Supreme Court of Iowa 1948], Nwagbaroacha v. Carter, 134 Wis2d 453, 397 NW2d 156 [Court of Appeals of Wisconsin 1986], Sheehan v. All Persons Etc., 80 CalApp 393, 252 P 337 [District Court of Appeal California 1926, First National Bank of Whitewater v. Estenson, 68 Minn 28, 70 NW 775 [Supreme Court of Minnesota 1897], Miehl v. South Central Securities Company, 227 MoApp 788, 58 SW2d 1011 [Kansas City Court of Appeals Missouri 1933], Roth v. Nash, 19 Wash2d 731, 144 P2d 271 [Supreme Court of Washington 1943]).
In New York there are virtually no cases that discuss whether counsel for a party can serve process. Trimboli v. Goez, 2023 WL 11862262 [Supreme Court Nassau County 2023] did note that service by counsel did not violate the plain terms of CPLR §2103, however, no analysis was provided. Further, in Opinion 894 the Committee on Professional Ethics of the New York State Bar Association held that an attorney for a landlord was permitted to serve the tenant service of process even if the attorney knew the tenant was represented by counsel. The opinion noted that "under the Civil Practice Law and Rules, authorization to serve process and other papers is very broad and does not exclude lawyers" (see, Opinion 894 ¶8 [December 1, 2011]). Therefore, a review of the plain statutory language reveals that only a "party" may not serve process. While an attorney surely represents a party that is simply not enough to view the attorney as an actual "party" prohibited to effect service. The plain reading of the statute compels this conclusion and the majority of jurisdictions that have considered the issue have reached the same conclusion.
The Practice Commentaries to CPLR §2103 do state that "service by a party is a very bad idea, not just because it might provide an opportunity for some less than harmonious discourse, or perhaps even a breach of the peace, but because the affidavit of service is an important safeguard for the integrity of the judicial process. When an interested person serves process it perhaps may help a possible accusation of "sewer service" in a default case" (see, Practice Commentaries to CPLR 2103:C:2103:2). While that advice may be prudent in appropriate cases it surely is not determinative of the issue and surely cannot bar any attorney from serving process in a particular case. Where a statute actually prohibits not just a party but any person who may benefit from the litigation then an attorney may be excluded from effectuating service (Angelich v. MedTrust LLC, 910 F.Supp2d 128 [District of the District of Columbia 2012], Coleman v. Sentinel Transportation LLC, 2009 WL 3834438 [Southern District of Texas 2009]).
Therefore, based on the foregoing there is no statutory basis to prohibit an attorney in a case from serving process. Consequently, the motion seeking to dismiss based upon improper service is denied.
So ordered.
Dated: December 1, 2025
Jamaica, NY
Hon. Mark Kagan, JCC