WYATT v. FREEMAN.

1. Where a defendant fails to appear in an action before a justice of the peace yet files his appeal bond, he thereby enters his appearance in the appellate court, and by so doing waives all defects in the process and the service thereof.

2. In an action of replevin under the statute (Laws of 1876, p. 116), when the officer fails to give the defendant an opportunity to execute the statutory bond and retain possession of the property, the proper practice is for the defendant to appear before the court and move that the property be restored to him upon his executing the bond.

3. The admission of further testimony on behalf of the plaintiff after he has rested his case and a motion has been interposed for a nonsuit under the statute (Laws 1872, p. 99), rests in the sound discretion of the court and may not be assigned for error.

4. When a sheriff justifies under an execution and seeks to attack the title of the plaintiff in replevin on the ground of fraud, the plaintiff, being a stranger to the judgment upon which the execution is based, he must show that the judgment upon which the execution issued remains unsatisfied; the sheriff in such case being the mere agent of the judgment creditor.

*Appeal from County Court of Weld County.*

WYATT, the appellant, as sheriff, levied upon a wagon in the possession of one Pinneo, under an execution against him. Freeman, the appellee, claimed the ownership of the property, and brought an action in replevin in a justice's court against the appellant. The coroner seized the property under the replevin writ and at once turned it over to Freeman. Judgment was entered by the justice against Wyatt by default, and Wyatt appealed to the county court. In the county court Wyatt justified under his writ, and at the trial undertook to attack the title of Freeman upon the ground of fraud, but failed to introduce in evidence the judgment upon which his writ was based. Freeman had judgment, to reverse which Wyatt prosecuted this appeal.

Messrs. HAYNES, GIPSON & DUNNING, for appellant.

Messrs. GEORGE & BLACK, for appellee.

THATCHER, C. J.   This is an action in replevin, brought by the appellee against the appellant, before a justice of the peace, to recover one light spring wagon.   Judgment was rendered for the plaintiff,  "no appearance being made by the defendant."   The defendant appealed to the county court, where a trial was had to the court without the intervention of a jury, and judgment was rendered in favor of the plaintiff, from which the defendant appeals to this court.

It is assigned for error that the court overruled the defendant's motion to dismiss the suit at plaintiff's costs and award writ of *retorno habendo*, because of the non-compliance with the statute by the justice in issuing the writ of replevin, and the coroner in executing said writ and delivering property to the plaintiff.   This motion was made for the first time in the county court, after the defendant's full appearance in the action.   Although he failed to appear before the justice of the peace, by filing his appeal bond he thereby entered his appearance in the appellate court.   R. S., § 46, p. 407; *Swingley* v. *Haynes*, 22 Ill. 216 ; *McCutchin* v. *O. and M. R. R. Co.*, 27 id. 11.

There is no authority in the statute that would warrant the officer in turning over the property seized by virtue of the writ of replevin to the plaintiff, until the lapse of three days after the day of service, and then only in the event that the defendant fails to give bond.   Session Laws of 1876, p. 116.   But the justice, nevertheless, had jurisdiction of the cause, and did not err in refusing to dismiss the writ.   Had the defendant appeared before the justice of the peace and moved the court that the property seized might be restored to him, upon executing the statutory bond, the motion should have been allowed.   This would have been proper practice.   *Parlin* v. *Austin* and *Robinson* v. *Austin* (3 Col. 337, 375), decided at the April term.

When the plaintiff rested, the defendant moved for a nonsuit, on the ground that plaintiff had not proved demand before suit brought.   The court denied the motion and permitted the plaintiff to prove demand.   This is assigned for

error. Section 3, Session Laws 1872, p. 99, provides: "Where the plaintiff has produced his evidence and rests his case, the court *may*, on application of the defendant, if of opinion that the evidence produced will not support a verdict, nonsuit the plaintiff." This section is not mandatory to such an extent that it inhibits the court, upon such motion, from permitting other evidence to be introduced in support of the plaintiff's cause of action. The admission of such further testimony rests in the sound discretion of the court, and may not be assigned for error. *Sellar v. Clelland*, 2 Col. 551.

There is an irreconcilable conflict in the evidence, and although in our opinion, considering all the testimony detailed at the trial, there is strong reason for believing that Freeman was not a *bona fide* purchaser, that Pinneo was acting in the alleged purchase in his own behalf, and not in behalf of Freeman, yet we are reluctantly constrained to let the finding of the court below stand, as it is not unsupported by the evidence, although against its weight, if the court considered the evidence calculated to impeach the *bona fides* of the transfer. Evidence of that character, however, the court had the right, and it was its duty, in our view of the law, to disregard. The officer justified under an execution issued against Pinneo. The writ was introduced in evidence. Had the plaintiff not been a stranger to the execution or the judgment upon which it was based, this would have been sufficient. But here the sheriff seeks to attack, on the ground of fraud, the title of the plaintiff who was a stranger to the action in which the execution issued. To authorize the sheriff to contest the title on this ground it must be proved by the sheriff, who is but the agent of the creditor, that there existed an unsatisfied judgment. Having failed to produce a copy of the judgment, he was in no position to assail the plaintiff's title for fraud. *McCraw v. Welch*, 2 Col. 287 ; 9 Bacon's Abridgment, 495, title Trespass, letter G; *Lake v. Billers*, 1 Lord Raymond, 733 ; *Damon v. Bryant*, 2 Pick. 413; *High v.*

*Wilson,* 2 Johns. 47; *Jackson* v. *Hasbrouck,* 12 id. 213; *Jackson* v. *Hobson,* 4 Scam. 418. The court was, therefore, warranted in its disregard of the evidence tending to impeach plaintiff's title, the defendant having failed to produce the judgment. If the rule laid down in *Deitsch* v. *Wiggins,* 15 Wall. (U. S. Sup. Ct.) 546, is variant from this doctrine, we do not feel bound to follow it, as this cause was tried after the admission of Colorado into the Union.

The judgment of the lower court must be

*Affirmed.*