## KIRKPATRICK v. WHEELER.

It is well settled that what belongs to the record proper and is contained therein cannot be contradicted, qualified or varied by anything contained in a bill of exceptions.

*Appeal from District Court of Pitkin County.*

THIS was an appeal from an interlocutory order, and the facts are stated in the opinion.

Messrs. PATTERSON and THOMAS, for appellants.

Mr. E. O. WOLCOTT, for appellee.

PER CURIAM. The order appealed from was made and entered of record by the court below during the progress of proceedings in the case of *Kirkpatrick v. Fiske and others.* The transcript before us shows that Kirkpatrick brought this action against the appellants to recover an interest which he claimed to own in the Emma mine, and also to recover his proportion of moneys alleged to have been realized by the defendants from the sales of ores taken from said mine. The order appealed from required one E. R. Holden, into whose hands moneys thus arising had come as receiver of the Emma mine, to deposit all such moneys in his hands in the Denver National Bank, subject to the further order of the court. Jerome B. Wheeler, one of the above-named defendants, appealed from this order under the provisions of an act of the fifth general assembly entitled: "An act in relation to appeals to the supreme court," etc., and attempted to make his appeal operate as a *supersedeas,* so as to prevent Holden from making the deposit.

The record concerning this appeal has been filed in this court, and upon this record we are asked to enter an order that these moneys be released, and that the district court pay over, or cause these moneys to be paid, to the appellant Wheeler, or to persons whom he may designate.

It will not be necessary for us to consider the legal effect of an appeal of this character, regularly taken under the act mentioned, since we must decline to grant the relief sought on other grounds, viz., the irregularity of the appellate proceedings. The order appealed from is a part of the record proper, and .was duly entered therein by the clerk of the district court. To this entry alone can we look for information as to what was ordered by the court. A bill of exceptions was prepared on behalf of Wheeler, and signed by the district judge, which purports to set out the same. order, and it appears that the appellate proceeding is based to a large extent upon the order as it appears therein. We find also that this order differs in some important particulars from the original order, as entered of record by the clerk of the court. It is a well-settled principle of law that what belongs to the record proper, and is contained therein, cannot be contradicted by anything contained in a bill of exceptions. It is not the office of a bill of exceptions to set forth anything which ought to appear in the record proper, but on the contrary its office is to preserve what would not otherwise appear of record. The record itself can never be qualified or varied by the bill of exceptions. The original order required E. R. Holden to deposit in the Denver National Bank all moneys· then in his hands which he had received as receiver of the Emma mine, to be retained and held by the bank subject to the further order of the court. This order is general in its terms. It does not purport to be entered against any particular defendant, nor does it require that moneys claimed by a particular defendant only shall be so deposited. Neither does it command Holden to deposit a certain amount of money thus obtained and held by him. The order is that *all moneys now in the hands of E. R. Holden*, which came into his hands as receiver of the Emma mine, be deposited in the bank.

As set out in the bill of exceptions, the order requires

E. R. Holden, late receiver of the Emma mine, heretofore discharged, to deposit in the Denver National Bank the sum of $12,962.21, money claimed by the defendant Wheeler, to be held subject to the further order of the court. Holden may have had this sum of money, and it may have been claimed by Wheeler, and he may have had other sums of money, claimed by others of the defendants, all of which came into his hands as receiver of the Emma mine. There is certainly an important variance between the two orders, and it is equally certain that the appeal, to be effective for any purpose, must have been regularly taken and prosecuted from the original order. The appeal bond recites that the court made an order against the defendant Wheeler, requiring the said Holden to deposit certain moneys in his hands, belonging to said Wheeler, to wit, the sum of $12,962.21, in the Denver National Bank, and we are asked to enter an order that this sum of money be released and be paid over to said Wheeler or to persons whom he may designate. This undertaking does not correctly describe the order as incorporated in the record proper. Its conditions cannot be said to be based upon this order. We have no official information, therefore, that the only moneys in the hands of E. R. Holden which had come to him, and was being held by him as receiver of the mine, was the sum of $12,962.21, nor that this was the money of Mr. Wheeler. The object of the litigation, in part, was to discover how much money had been realized from the working of the mine, and to whom it belonged.

Without considering the effect of an appeal regularly taken from the original order, we must deny this motion, because of the irregularities stated.

*Motion denied.*