## CHARLES V. AMOS.

1. "Suits before justices shall be commenced in the township in which the debtor resides, unless the cause of action accrued in the township in which the plaintiff resides, in which case the suit may be commenced where the cause of action accrued or is specifically made payable." Gen. St. § 1932.  *Held*, that the statute does not apply to non-resident debtors.
2. An agreement between defendant and his wife, to the effect that she would assume and pay the indebtedness of defendant to plaintiff, does not release defendant where plaintiff was not a party to the agreement.
3. Defendant in an attachment suit objected to the jurisdiction of the county court, on the grounds that the justice, before whom the case was first tried, did not cause notice of the suit to be published as required by law; and that the constable did not retain the summons put into his hands for serving until the date of the trial.  *Held*, that by filing his appeal bond in the appellate court, the defendant waived objection to the jurisdiction of that court.

*Appeal from Jefferson County Court.*

ON November 19, 1883, Amos brought suit against Charles before a justice of the peace of Jefferson county, and on the same day a summons was issued by said justice, which on the 23d day of the same month was returned by the constable with the indorsement thereon, "Defendant not found."  At the same time, Amos filed an affidavit in attachment before the justice of the peace,

alleging, among other grounds, the non-residence of Charles in Colorado, upon which a writ of attachment was issued, and on the 23d day of November one Charles Lemsky was attached as garnishee. On November 28th, Lemsky appeared before the justice of the peace, and answered as garnishee, admitting his indebtedness to Charles in the sum of $200, whereupon the justice continued the cause until the 8th day of December, on which last date (the defendant not appearing) he rendered judgment against Charles for $80 and costs of suit; and against Lemsky, as garnishee, for $200. During the continuance of the cause from November 28th to December 8th, no notice was posted as required by section 2019, General Statutes.' From this judgment Charles appealed to the county court of Jefferson county.

There was no written pleadings in the case in either court, but before the trial of the cause in the county court, and on the 23d day of January, 1884, counsel for defendant, Charles, moved to dismiss the cause upon the following grounds: *"First.* The justice of the peace who rendered the judgment in the above-entitled action had no jurisdiction of the defendant or of the cause of action. *Second.* This court has not jurisdiction to try this case on appeal, and to enter up judgment against the defendant. *Third.* The defendant did not at any time reside in the township or precinct wherein the suit was commenced, nor did the cause of action accrue in that township, nor was the same made payable there. *Fourth.* There was no summons in this action ever served on the defendant. *Fifth.* The defendant resided in the precinct of Morrison, where the cause of action accrued, and at the time of the commencement of this action, and long before." Which motion was overruled, and defendant duly excepted. The cause was then set for trial by the court, against the plaintiff's consent.

Upon the trial of the action, after the plaintiff had rested his case, defendant moved for a nonsuit upon the

following grounds: "*First*. That the plaintiff had failed to show that the court had jurisdiction either of the cause :of action, or of the defendant, or of his property. *Second*. It has not been shown that the defendant resides in the township or precinct in which suit was commenced, nor that the cause of action accrued in the township .where the plaintiff resides, or that the cause of action was specifically made payable in the township where the suit was commenced; but, on the contrary, the evidence shows that the cause of action accrued in the township of Morrison, where the plaintiff and defendant both resided at the time, and in a different precinct from that where the suit was commenced. *Third*. The plaintiff has failed to show that the defendant had been served with summons, .but, on the contrary, the return of the constable shows that no service was had on defendant. *Fourth*. There was no property attached under the writ of attachment, nor was there a copy of the writ served upon the defendant, or any other person, but the return of the constable indorsed on the writ shows that there was 'no property found.' *Fifth*. It has not been shown, either by the transcript of the justice of the peace or otherwise, that any affidavit had ever been made and presented to the justice that the defendant resides without the state of Colorado, and cannot be found therein, so that personal service of process cannot be had on him, or that he conceals himself, or that he stands in defiance of the officer with intent to prevent service of process upon him. *Sixth*. It has not been shown that the justice of the peace who rendered judgment in this case against the defendant, ever made an order of publication, or caused notice of the attachment to be published by posting three notices of the levy of said attachment, or of the day and hour at which the trial of the cause would be had at his office, or that any such notices were ever posted for ten days, or any other time prior to the day of trial. *Seventh*. That the constable did not retain the

summons until the day of trial, but returned the same and it was filed with the justice of the peace on the 28th day of November, 1883." Which motion was also overruled, and defendant excepted. Defendant then offered testimony, and the court rendered judgment against the defendant in the sum of $80, and costs, from which defendant appealed.

Mr. JOSEPH MANN, for appellant.

Mr. A. H. DE FRANCE, for appellee.

MACON, C. Appellant assigns thirteen errors in this case. The second assignment goes to the alleged admission of improper testimony for the plaintiff. The record fails to show that any improper testimony was admitted by the court. All of plaintiff's testimony was proper, relevant and material, provided the court had jurisdiction of the cause.

The third assignment is based upon the refusal of the court to permit the witness to testify what were Charles' intentions in leaving Morrison. Charles' intentions in the premises were immaterial, and, whatever they may have been, they could not affect the case. The evidence was offered for the purpose of showing that Charles was not a non-resident of this state when the attachment was issued; but if one man could be allowed to testify to the intentions of another, instead of being confined to a statement of facts or declarations from which intent may be inferred, this offer of defendant should not have been allowed, because Charles' intent when he left Morrison could not prove what his intent was when the writ of attachment was issued. His letter to Amos, from Goshen, N. C., dated December 3, 1883, shows beyond dispute that he had given up all expectation of returning to Colorado.

The fifth assignment has no merit; it is: "The court erred in striking out the testimony of L. E. Charles and

Charles Lemsky, witnesses, wherein they state that they know Mr. Charles is coming back to Morrison." Sup-pose it be admitted that Charles did contemplate return-ing to Morrison. These witnesses did not pretend to know or say what his object in returning was; they did not even intimate that he meant to reside in that or any other place in Colorado upon his return. The witness Mrs. Charles says: "I know Mr. Charles is coming back again to Morrison. I was well acquainted with Mr. Charles' business up to the time he left." She does not pretend to say he was coming back to reside there; and on cross-examination says her knowledge of this fact is derived from what he told her before he went away and from his letters. Her pretended knowledge was but her conclusion from the declarations of Charles, the defend-ant, and were not proper testimony. Lemsky's knowl-edge is not better founded, and the court did right in striking it out.

The sixth assignment is: "The court erred in rejecting other proper testimony on the part of defendant;" and upon that it is sufficient to say that the record shows no error of the court in this particular.

The eighth, ninth, tenth, eleventh, twelfth and thir-teenth assignments all go to the same point, namely, that upon the evidence the judgment should have been for defendant instead of for the plaintiff. Assuming the jurisdiction of the court, there can be no pretense that defendant was entitled to judgment; upon the whole evi-dence, there can be no doubt of the fact of his indebted-ness to plaintiff, and his letter of December 3d, to Amos, is a clear admission of such indebtedness; the only ex-cuse for not paying it being that "what I once called my wife agreed before more than a dozen witnesses to assume all indebtedness against the shop." With this agreement Amos had no connection, and by it he was not bound. It was, therefore, no defense to the action, and the court did not err in rendering judgment against defendant upon the evidence.

The first, fourth and seventh assignments challenge the jurisdiction of the justice of the peace to render the judgment appealed from, as well as the jurisdiction of the county court. This objection to the jurisdiction rests upon three grounds: *First*, that the defendant did not at the commencement of the suit, nor at any time, reside in the township where the suit was commenced; *second*, that the justice did not cause notice of the suit to be published as required by law; and, *third*, that the constable did not retain the summons put into his hands for service until the date of the trial of the cause. The first ground has been disposed of by this court in *Wagner v. Hallack*, 3 Colo. 182, where it is held that the statute in question does not apply to non-resident debtors. The second and third grounds relied on by appellant have also been before this court, and disposed of adversely to the view advanced by appellant. In *Wyatt v. Freeman*, 4 Colo. 14, it is held that by filing his appeal bond in the appellate court, appellant enters his appearance therein, and cite with approval *Swingley v. Haynes*, 22 Ill. 216, and *Railroad Co. v. McCutchin*, 27 Ill. 11, in which cases it is held that, though the justice had no jurisdiction of the person of the appellant, by appealing and filing his appeal bond he brings himself within the jurisdiction of the appellate court. The Illinois statute, which these cases construe, is substantially, in terms and meaning, identical with sections 64 and 65 of our justice and constable act.

There was no error in the proceedings of the county court, and the judgment should be affirmed.

We concur: STALLCUP, C.; RISING, C.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the county court is affirmed.

*Affirmed.*