[No. 4292.]

THE WHITE HOUSE MOUNTAIN GOLD MINING COMPANY V. POWELL.

1. **Corporations—Summons—Return—Service Upon Agent.**

In an action against a corporation, a return of summons served upon a person as the agent of the corporation which shows that the only information the sheriff had that the person was such agent was the declaration of the person himself, does not show a valid service upon the corporation.

2. **Same—Interest in Suit.**

In an action against a corporation upon a claim for services by an agent assigned by such agent to plaintiff, service of summons upon the agent who assigned the claim is not a sufficient service on the corporation.

3. **Summons—Motion to Quash—Appearance—Appeal.**

Where a defendant in the county court appeared specially to move to quash service of summons which was overruled and judgment entered agaist him, the filing of an appeal bond by defendant, whereby he sought to appeal the case to the district court was not such appearance in the cause as would waive objection to the service of summons.

*Error to the County Court of Ouray County.*

Messrs. STORY & STORY, for plaintiff in error.

Messrs. HENRY & SIGFRID, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Only two questions are presented by this writ of error: *First,* was the sheriff's return upon the summons sufficient to give the trial court jurisdiction of defendant? *Second,* if insufficient, was there a waiver of service?

In the complaint it is alleged that C. H. Wesseler had been appointed as the agent and custodian of defendant's property in Ouray county, and, at the request of defendant, Wesseler performed certain services for it amounting to about fifteen hundred dollars, which had not been paid, and before the beginning of the action Wesseler had assigned the account therefor to the plaintiff, who was then the owner and holder of the claim. The return of the sheriff upon the summons was that he had delivered a true copy thereof, together with a copy of the complaint, "to the within named C. H. Wesseler *as* the general agent of said corporation, there being no president, secretary, treasurer, cashier, stockholder or other chief officer in the said county and the said Wesseler acknowledged to me that he is the general agent of the within named defendant."

1. It is argued that the statement of the sheriff that he served the writ on Wesseler *as* the general agent of the corporation is not equivalent to a statement that he served it upon Wesseler the general agent; the point apparently being that the insertion of "as" does not make the certificate say that service was had upon a general agent.

If there be a distinction between a service on "A. B. general agent of defendant" and "A. B. *as* general agent," it is not material here. This action was based on a claim for services rendered defendant by Wesseler. He assigned the claim to plaintiff. In the action of plaintiff to enforce collection, Wesseler

verified the complaint, and the return shows that the sheriff's only information or source of knowledge that Wesseler was defendant's general agent was the statement of Wesseler himself. In the circumstances, such return, resting upon the mere declaration of the alleged agent, does not show a valid service on defendant.

There is another potent reason for holding this service bad. · If not by the weight of authority, certainly by courts of high standing, it has been held that the assignor of a chose in action impliedly warrants its validity and that the claim is collectible. Cases collated in 2 Am. & Eng. Enc. Law (2d ed.), 1090 *et seq.*

But if that were not so, it is evident that Wesseler was interested in the result of this action. It is his claim for services that is sought to be collected. Naturally he would want plaintiff to recover, even if a failure imposed no legal liability on him, and it would be to his interest to withhold from defendant the fact that the action was begun. We do not say that he did or would. But courts will not sanction a doctrine that would inevitably lead to fraud, and place an agent in a position where, as between his assignee and his principal, he can not be true to one without being, in a measure, false to the other. To hold this service good would be as obnoxious to a fine sense of justice as to declare that service on a plaintiff gives the court jurisdiction of the person of defendant. Service on Wesseler, therefore, was not tantamount to service on the defendant. *Cloud v. Pierce City,* 86 Mo., 357; *St. Louis v. Edwards,* 103 Ills., 472.

2.   The defendant below (plaintiff in error here) specially appeared in the county court and moved to quash the service of the summons upon the ground that it was not served upon the agent designated by

statute. This motion was overruled, and afterwards judgment was rendered in plaintiff's favor. Thereafter the defendant company filed in the county court an appeal bond, by which it sought to take the cause to the district court of Ouray county. Afterwards, upon proceedings there had, and for some reason not here appearing, the district court dismissed the appeal, whereupon defendant, as plaintiff in error, sued out this writ of error to review the judgment of the county court.

The defendant in error now contends that, by the filing of an appeal bond in the county court, and thus. perfecting an appeal to the district court, the defendant corporation waived any defect in the service of process, and even process itself, and cites: *Deitz v. City of Central,* 1 Colo., 323, 330; *C. C. R. Co. v. Caldwell,* 11 Colo., 545, 546; *Charles v. Amos,* 10 Colo., 272; *Wyatt v. Freeman,* 4 Colo., 14. These were cases construing our justice and constable act. By an express provision thereof (Mills' Ann. Stats., sec. 2687), upon the trial of all appeals before the county court from the judgments of justices of the peace no exception shall be taken to the form of the summons issued by the justice of the peace, or to any of the proceedings before him. It was, therefore, held in the *Wyatt Case, supra,* that the filing of the appeal bond is a full appearance of the appellant in the county court.

But the act governing appeals from county to district courts is, in this respect, quite dissimilar. Section 1089, Mills' Ann. Stats., provides that in all appeals from the county to district courts the proceedings in the latter shall be in all respects *de novo.* The district court shall consider and pass upon all objections to pleadings and proceedings in the cause which may have been made in the county court, in the same manner as though the cause had been origin-

ally begun in the district court. There is a proviso that no exceptions shall be taken or allowed to the form of the process issued by the county court, or the manner of serving the same, if the party taking such exceptions enters his appearance in the county court. The proviso says by implication that if no such appearance is entered, then upon appeal to the district court such exceptions may be heard. But one cannot appeal without giving an appeal bond. And to say that an appellant, by doing the very thing that perfects the appeal, is estopped to have heard a jurisdictional question which he raised in the county court would be anomalous. As to the cases cited by the defendant in error, particularly *Stovall v. Stovall's Admr.*, 39 S. W. Rep. (Ky.), 416, and *Fee v. Big Sand Iron Co.*, 13 Ohio St., 563, it is to be said of the Kentucky case that the decision was "if a defendant appears and raises the question of jurisdiction over him by showing that no process has been served on him, if the court agrees with him and sustains his motion he is not before the court, but if the court holds against him, and on appeal he reverses the lower court, then he is before the court, by reason of such appeal, and the plaintiff has acquired jurisdiction." That is far from saying that giving an appeal bond estops appellant to complain of lack of process. The Ohio case seems to be more in point, but is based on the authority of two former cases, by one of which, *Marsden v. Soper*, 11 Ohio St., 503, such an act as filing an appeal bond would not waive a jurisdictional question. Both cases were doubtless rightly decided under the statutes of those states. But even if wholly sustaining defendant in error in his present contention, they cannot be considered as authority here, for our statute clearly contemplates that in an appeal from the county to the district court, the appellant, if he has not entered his ap-

pearance in the county court, may be heard upon his appeal to object to the form of the summons, or the manner of serving the same, if he made that objection in the county court. Necessarily, therefore, giving of the appeal bond is not equivalent to a general appearance in the district court. Since the service was not sufficient to give the county court jurisdiction, and there was no waiver of it by defendant below, for its appearance there was special and limited to the motion to quash, it follows that the judgment of the county court must be reversed, and the cause remanded, and it is so ordered.

*Reversed.*