Gunter, J.
Plaintiff recovered a money judgment in the county court. Defendants appealed to the district court. The proceedings regulating the trial of the cause after it thus reached the district court were required to be in all respects de novo. — 1 Mills’ Ann. Stats., sec. 1089; White House Mountain Gold Min. Co. v. Powell, 30 Colo. 397. By the appeal the same cause which had been tried in the county court was pending for trial de novo in the district court. The *411 district court dismissed the case for lack of prosecution, and entered judgment for costs against the defendant, and ordered that a writ of procedendo issue against the county court ordering that it proceed upon the judgment appealed therefrom.
There is some conflict between the record proper and the bill of exceptions as to this being the character of -the judgment, but as to the character of the judgment rendered, the judgment being a part of the record, the record must control the bill of exceptions. —Kirkpatrick v. Wheeler, 8 Colo. 414.
It is manifest that the court had no power to enter a judgment dismissing the action, and at the same time, and as a part thereof, give judgment against defendant for costs and order the issuance of the writ of procedendo. Such a judgment would be contradictory in vital particulars. If the court dismissed the action, defendant should have his judgment for costs, and the court would have no power to order the county court to proceed further on the judgment appealed from. We think the judgment erroneous, and that the same should be reversed.

Reversed.