ATWOOD *v.* SAULT STE. MARIE LIGHT, HEAT & POWER
CO.

1. Names—Identity of Persons—Evidence.
    Identity of names prima facie establishes identity of persons.

2. Corporations—Actions—Process—Service.
    Service of process against a corporation on an officer or agent
    whose relation to the plaintiff or the claim in suit is such as
    to make it to his interest to suppress the fact of service is
    unauthorized, though the person served is within the terms
    of the statute authorizing service.

3. Same—Assigned Claims.
    Where suit is brought against a corporation on an assigned
    claim for personal services, service of process on the officer
    who assigned the claim is unauthorized.

Error to Chippewa; Steere, J. Submitted February
15, 1907. (Docket No. 142.) Decided April 30, 1907.

Assumpsit by Frank B. Atwood against the Sault Ste.
Marie Light, Heat & Power Company for services ren-
dered. There was judgment by default for plaintiff
based on a defective service of the declaration, and de-
fendant brings error. Reversed.

*Oren, Webster & Carleton* and *J. H. More,* for ap-
pellant.

*M. F. McDonald* (*E. S. B. Sutton,* of counsel), for
appellee.

Montgomery, J. This case was commenced by dec-
laration, filed in the office of the clerk of the circuit court
for Chippewa county. The declaration was in assumpsit,
and counted specially upon a contract for personal services
performed by John N. Goltra for the defendant corpora-
tion for a period of 25 months succeeding the date of the

contract, alleged to have been made on December 5, 1901, and alleging that there was due and owing said Goltra on account thereof the sum of $1,875. The declaration also averred that on September 11, 1905, said John N. Goltra had duly assigned said claim to the plaintiff in this case, Frank B. Atwood. The return of the sheriff shows that service was made upon the defendant company by delivering a true copy of the declaration, etc., to John N. Goltra, secretary and assistant treasurer of the defendant corporation. No appearance was entered by defendant, and judgment was entered by default in the sum of $2,200. The writ of error was sued out, and the defendant assigns as error that the service was invalid, for the reason that, the claim sued upon being one assigned by John N. Goltra, service upon him was unauthorized.

The plaintiff contends that the record does not sufficiently show that the John N. Goltra who was served is the same John N. Goltra who assigned the claim sued upon. We think, however, that the identity is prima facie established by the identity of names  6 Enc. Evidence, p. 913. John N. Goltra was an officer of the company upon whom service could be made under the statute. But it is established by authority—if authority for a rule so manifestly just were needed—that even though a person is within the terms of a statute, if his relation to the plaintiff or the claim in suit is such as to make it to his interest to suppress the fact of service, such service is unauthorized. *Buck* v. *Manufacturing Co.*, 4 Allen (Mass.), 357; *St. Louis, etc., Coal & Mining Co.* v. *Edwards*, 103 Ill. 472.

It is insisted, however, that, as the claim of Goltra had been assigned before service was made upon him, he was at the time of service disinterested. There is nothing of record, except the statement that the account was assigned, to show the nature of the contract of assignment. We think that in such case there is a prima facie presumption that there was an implied warranty that a chose in action

which was the subject of the contract existed in fact.  2 Am. & Eng. Enc. Law (2d Ed.), p. 1090.

It follows that Goltra had an interest in the claim in suit adverse to the defendant, and that service upon him was unauthorized.  See *White House Mountain Gold Mining Co.* v. *Powell*, 30 Colo. 397.

The judgment is reversed, with costs.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.