[No. 6292.]

Downing v. Tipton.

1. **Justice of the Peace—Appeal—Effect**—An appeal from the judgment of a justice waives all irregularities in the proceedings by which the appealing party was brought into court.— (366, 367)

2. **Appeals—Verdict on Conflicting Evidence,** will not be disturbed where there is sufficient evidence to support it.—(367)

3. ——**Briefs**—A general suggestion of error, not specifying wherein it consists, will not receive attention.—(367)

4. **Instructions—Not Misleading,** are not fatal, even though failing to cover the whole matter in issue, where no additional instruction is prayed by the defeated party.—(369)

*Appeal from Denver County Court* — Hon. Charles McCall, Judge.

Mr. Ralph E. Stevens, for appellant.

Mr. H. W. Spangler, and Mr. D. B. Kinkaid, for appellee.

Mr. Justice Hill delivered the opinion of the court:

Appellant, Jacob Downing, was the owner of a farm, in Jefferson county, about two hundred acres of which were in alfalfa. During the month of June, 1905, he arranged with the appellee, Tipton, to cut this hay and put it in stacks; they were then to measure it and divide it equally. This contention grows, out of the manner in which the hay was put up, its division, etc. This action was brought by appellee before a justice of the peace to recover damages against appellant. Judgment was secured by appellee; appeal was taken by appellant to the county court, where, by trial to a jury, verdict and judgment were again in favor of appellee in the sum of $160.00 and costs of suit, from which this appeal is prosecuted.

The first group of assignments of error challenges the jurisdiction of the county court to proceed with the trial, where appellant, by motion, asked the dismissal of the action, for the reasons, he claimed: (a) that it does not appear from the justice's transcript of docket, records and files in said cause that said justice had jurisdiction of the subject-matter, nor of the party defendant; (b) it does not appear that said justice had any jurisdiction to render any judgment against defendant; (c) it does appear that said justice was totally without jurisdiction; (d) the summons served upon defendant was made returnable at an impossible date, to wit, on the 29th day of January, A. D. 190.., at 2 o'clock p. m.; (e) said justice had certified in his record that the summons was made returnable on the 29th of January, 1906; (f) it does not appear by the said transcript of record when, where or how the summons in said cause was served, nor upon whom it was served; (g) on January 29, 1907, at 2 o'clock in the afternoon, without

the presence of defendant and without waiting one hour or any time whatever, the defendant not appearing, the plaintiff appearing, on his motion the said cause was adjourned to the 5th of February, 1907, at 2 o'clock, that at 2:35 on said day the defendant, by his attorney, appeared and was informed by said justice that said cause had been continued to February 5th, 1907; (h) at 2 o'clock in the afternoon on the 5th of February, 1907, the plaintiff appeared before said justice, the defendant did not appear and without waiting one hour or any time the justice gave judgment for plaintiff and against the defendant for the sum of $160.00 and costs; (i) at thirty-five minutes after 2 o'clock of the afternoon of February the 5th, 1907, the defendant, by his attorney, appeared at the office of said justice and waited until eight minutes before 3 o'clock, when he was informed by said justice, that said cause was called at 2 o'clock and judgment given against the defendant by default; (j) it does not appear from the record or in any manner, that the cause of action in which said judgment was rendered arose in the county of Denver, or that the said plaintiff lived or resided in the county of Denver; and all the foregoing it was stated the said defendant was ready to verify and prove in court.

The record shows the defendant was lawfully served in the form and manner provided by statute. Most of the contentions above made were in somewhat similar language presented by a similar motion in the case of *Charles v. Amos,* 10 Colo. 272, which cited with approval the case of *Wyatt v. Freeman,* 4 Colo. 14, which case followed the rule laid down in certain Illinois cases under a similar statute; in which cases it is held that, though the justice has no jurisdiction of the person of the appellant, by appealing and filing his appeal bond he brings himself

within the jurisdiction of the appellate court. Under the provisions of sec. 2687 of Mills' Ann. Stats., and by the past rulings in this jurisdiction in the cases of *School District No. 38 of Boulder Co. v. Waters*, 20 Col. App. 106; *C. C. R. Co. v. Caldwell*, 11 Colo. 545; *Schoolfield v. Brunton*, 20 Colo. 142; *Glatzel v. Binschadler*, 21 Colo. 193; appellant, by appealing from the judgment of the justice, and after the overruling of his motion in the county court, by proceeding to trial upon the merits, waived all irregularities in the proceedings by which he was brought into court, and has relieved us from their consideration; none of which were raised in the justice's court and no objections were made at the time to any proceedings had there.

The second group of assignments relates to the findings and the verdict of the jury. The evidence was conflicting, but there is sufficient evidence to support the verdict rendered; when such is the case, it is not the province of this court to disturb it. The assignments of error and the argument of counsel pertaining to the admission and rejection of testimony are too indefinite to receive consideration. The complete argument in the brief upon this subject is as follows:

"Appellant claims prejudicial errors against him on each and every one of the rulings of the court against him in exclusion of evidence offered by him, striking out of evidence given by him, and the admission over his objections of evidence offered by appellee, for the several reasons set forth in the abstract."

If counsel have not the time or are not willing to make specific contentions concerning erroneous rulings pertaining to evidence and point out wherein the same are wrong, that duty does not devolve upon the members of this court to perform it for them, so as to make rulings thereon.

Complaint is made to the giving of a portion of one instruction; the portion complained of reads as follows:

"It will be necessary to find that there was a consideration for this new agreement; that is, that the division was actually made and perfected according to the subsequent agreement, each party taking his share of the hay according to the subsequent agreement."

Both parties agree the original contract was, that each should receive one-half of the hay which was to be divided after it was stacked. It is claimed by appellant that there was a subsequent agreement made between the parties whereby the division was made by stacks and not by measurement of amounts, and that they agreed which stacks each should take, and that appellant, relying upon this agreement, proceeded to appropriate and dispose of the stacks which it was agreed he should receive; all of which facts were denied by appellee, who contends that appellant made a division of the stacks to suit himself, that upon being informed of the stacks which appellant had taken according to his pretended division, he found that the appellant had taken and received thirty-two tons of hay more than his share under the original agreement. This instruction, with portions of others, pertains to this question. There was no showing made by appellant that Tipton would not be entitled to sixteen tons more in order to effect an equal division of the hay under the original agreement, but appellant relies upon the purported subsequent agreement and alleged division thereunder; there was no attempt made by him to show that by this agreement each party would receive an equal portion of the hay. After that portion of the instruction above stated was announced, the court, in response to the inquiry of counsel for appellant, as to

the meaning of the foregoing instruction, added further:

"That this subsequent agreement was not an agreement like the original agreement for one-half of the hay, but a division of the stacks, not according to the quantity that was in them."

Also:

"I say if it is a perfected agreement, if each accepted his share of the hay, it would be all right; otherwise it is a varying from the original contract undoubtedly."

With these explanatory statements added, we do not think the jury could have been misled by the giving of the foregoing instruction. This alleged subsequent agreement was different from the original, which provided for a division of the hay and not of the stacks; according to appellant's testimony the alleged subsequent agreement and division of the hay thereunder are apparently inseparable; hence, th statement in the above instruction complained of is applicable to one portion of the contention; the principal evidence upon the subject was upon the question of whether or not the division was actually made and perfected according to the alleged subsequent agreement. The appellant claims it was, while the appellee claims there was no subsequent agreement, and no pretense of any division thereunder by stack, but when he attempted to procure more hay, to which he was entitled in order to secure his equal proportion, he was prevented by the appellant, which fact was an issue as to any division having been made and acted upon under any subsequent agreement. In certain cases, as contended by counsel for appellant, the mutual promise for a new agreement may be held to be a sufficient consideration to be an accord and satisfaction of a prior agreement not necessary to be passed upon here. Had the appellant desired

(24)

an instruction upon that question he should have
tendered it to the trial court; not having done so,
and the instruction given being proper upon certain
issues in the case, we do not think the jury was mis-
led thereby because it did not cover the entire ques-
tions involved.    At best, it could only be claimed to
be a nondirection by the court which is not a ground
of reversible error unless proper instructions good in
point of law have been requested and refused.—
*Willard v. Williams,* 10 Col. App. 140; *Brown v. The
People,* 20 Colo. 161; *The Ruby Chief M. & M. Co. v.
Prentice,* 25 Colo. 4.

The judgment is affirmed.                *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE
concur.