## No. 9427.

### TWOMBLY *v.* SAUVE.

1. FRAUDULENT CONVEYANCES—*Consideration.* The wife holding in her own name, merely for the convenience of the husband certain of his properties, exchanged the same for lands which were conveyed to the husband. The husband subsequently reconveyed these lands to the wife. The conveyance was held fraudulent as against the creditors of the husband.

PRACTICE IN ERROR—*Presumptions.* A finding of fact not questioned in the assignments of error, nor in the brief, may be presumed to be supported by the evidence.

*Error to Denver District Court, Hon. H. P. Burke, Judge.*

Mr. CHARLES H. REDMOND, Mr. J. H. BURKHARDT and Mr. THOMAS F. McGOVERN, for plaintiffs in error.

Mr. CHAS. R. BOSWORTH and Mr. S. S. ABBOTT, for defendant in error.

Mr. Justice Allen delivered the opinion of the court.

THIS is a suit to set aside, and to declare fraudulent and void, a certain warranty deed which was executed on November 1, 1915 by George W. Twombly to Margaret M. Twombly, his wife, conveying a tract of land situated in Weld County. This suit was instituted on June 15, 1916, by the trustee in bankruptcy of the above named George W. Twombly, who had theretofore, and on December 20, 1915, been adjudged a bankrupt by the United States District Court. The deed is sought to be set aside in order that the real estate, covered by such deed, may be treated as the

property of the bankrupt and held by the plaintiff, as trustee in bankruptcy. George W. Twombly and Margaret M. Twombly, the grantor and grantee, respectively, in the deed, are the parties defendant. The usual pleadings were filed on both sides, and issues joined. Upon trial before the court, without a jury, findings were made, and a decree rendered, in favor of the plaintiff. The defendants have sued out a writ of error.

The plaintiffs in error, defendants below, claim that the following facts are "disclosed by the evidence": That in the year 1911, Margaret M. Twombly was the owner of two lots in the Town of Fort Lupton, Colorado; that at that time one Joseph King was indebted to her in the sum of approximately $300.00; and that an agreement was made between her and King, whereby she should convey her town lots to King, and cancel his indebtedness to her, in consideration of which King agreed to convey to her a certain tract of eighty acres. The plaintiffs in error further state, in effect, that Margaret M. Twombly performed the agreement on her part, and that King in performing his part of the agreement executed the deed to George W. Twombly, the husband, instead of to Margaret M. Twombly, the wife, from whom, it is alleged, the consideration came. The legal title, transferred by the deed above mentioned, was held by George W. Twombly until November 1, 1915, when he conveyed the same, by warranty deed, to his wife. It is this latter conveyance which is involved in this suit.

The only assignment of error which appears to be argued by the plaintiffs in error is that numbered IX, that "the findings and decree of the court are contrary to law." In this connection, the facts above mentioned are recited, whereupon the plaintiffs in error invoke the rule, that where the consideration is paid by the wife and the conveyance made to the husband, the husband will be deemed to be a trustee of the property thus acquired, for her benefit. It is not disputed that if this rule is applicable under the facts in the instant case, the conveyance from Twombly to his wife was not fraudulent; but was merely placing the

legal title in one who was already the equitable owner and entitled to the legal title.

Under the findings of the court, however, the rule above mentioned, and relied on by plaintiffs in error, has no application. The court did not find that the consideration for the deed from King to George W. Twombly was paid by the wife, Margaret M. Twombly. The trial court found, in effect, that while, in a sense, the wife furnished the consideration for the conveyance made to her husband, nevertheless such consideration consisted of money and property which she had previously received from her husband, not as a gift, but to hold for convenience. In other words, that the consideration for the deed from King really came from the husband, George W. Twombly, who was named as grantee in the deed, and did not come from, nor was such consideration owned by the wife, Margaret M. Twombly. There is sufficient evidence in the record to sustain that finding. Moreover, neither any assignment of error nor the brief of the plaintiffs in error makes any specific objection to such finding, and we might, for this reason alone, presume that the finding was warranted by the evidence. 4 C. J. 777, sec. 2727. No attempt is made by the plaintiffs in error to show why the decree should be held to be erroneous if the facts, above mentioned, regarding the source of the consideration for the King deed, are to be taken as established, as they must be, in accordance with the trial court's finding. Under these circumstances the decree should be upheld. *Downing v. Tipton,* 48 Colo. 364, 110 Pac. 70.

The judgment is affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Scott concur.