Personal Loan & Savings Bank, Appellee, v. Eugene Schuett et al., Defendants.
Appeal of Advance Cleaners & Dyers, Inc., Appellant.

Gen. No. 40,289.

Opinion filed March 28, 1939.

WILLIAM VIHON, of Chicago, for appellant.

REGINALD C. DARLEY, of Chicago, for appellee; OSCAR G. WAHLGREN, of Chicago, of counsel.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse an order entered by the municipal court of Chicago, which denied the motion of the Advance Cleaners & Dyers, Inc., garnishee defendant, to vacate a garnishment judgment rendered against it by default.

On April 27, 1937, Mrs. Eleanor Schuett and four other persons executed their promissory note to the Personal Loan & Savings Bank, beneficial plaintiff herein, for $435. The makers of this note defaulted in the payment of same. October 7, 1937, the beneficial plaintiff confessed judgment thereon for $424.35 against Mrs. Schuett and her cosigners of said note. October 22, 1937, a garnishment proceeding predicated on said judgment was instituted against the Advance Cleaners & Dyers, Inc., as garnishee. Theretofore, October 17, 1937, two garnishment demands, one directed to the Advance Cleaners & Dyers, Inc., as the employer, and the other to Mrs. Eleanor Schuett, as the employee, were caused to be served by Roy Peterson, plaintiff's agent, at the store owned by the garnishee upon Mrs. Schuett, who was the sole employee in said store and who also was, as heretofore shown, one of the defendants and a judgment debtor in the original action. Likewise the garnishment summons directed to the Advance Cleaners & Dyers, Inc., was served by the bailiff of the municipal court upon Mrs. Schuett as the agent of the garnishee. She did not deliver the garnishment demand or the summons to any other employee or official of the garnishee nor inform any other employee or official of the garnishee of the service thereof, and said garnishee consequently failed to appear or answer on the return date specified

in said summons. The court then entered a conditional judgment against garnishee by default. Pursuant to the conditional judgment a writ of scire facias was issued against garnishee to show cause why the conditional judgment should not be made final. A bailiff of the municipal court served the writ of scire facias upon Mrs. Schuett as the agent of the garnishee and she failed to give such writ of scire facias to any other employee or official of the garnishee nor did she inform any other employee or official of the service thereof. The garnishee, not having received the writ of scire facias and having no knowledge of the service thereof, failed to appear November 15, 1937, the return day of said writ, and the court entered a final judgment by default against it for $424.35.

March 16, 1938, about four months after the final default judgment had been entered against it, the garnishee filed a verified petition to vacate said judgment, which petition after averring the facts heretofore set forth alleged *inter alia* that it had no notice or knowledge of the entry of the judgment against it until about March 5, 1938; that on that date an unknown individual called at Bellwood, Illinois, at the plant where garnishee sends its work and where the president of garnishee is employed, and informed said president of the entry of the judgment and requested payment thereof; and that "at no time did Mrs. Eleanor Schuett have authority to act for your petitioner to receive service of summons of any sort. In fact, at the time of the service of both of these summonses, ill-feeling existed between your petitioner and Mrs. Eleanor Schuett. Your petitioner had trouble with her. She was misplacing garments and failed to account accurately for funds entrusted to her possession at the store at 5527 West Chicago avenue. This occurred on or about November 6, 1937. Mrs. Schuett wilfully and intentionally failed to notify your pe-

titioner of the service of said garnishment summons because of the resentment she had against your petitioner. At no time, from October 20, 1937, to the date hereof was there any funds due from your petitioner to Mrs. Eleanor Schuett, nor did your petitioner pay her any funds whatsoever from October 20, 1937, to the date hereof. At no time from October 20, 1937, to the date hereof did your petitioner have any property in its possession belonging to or owned by Mrs. Eleanor Schuett. That on November 6, 1937, said defendant, Mrs. Eleanor Schuett was discharged from petitioner's employ.''

Plaintiff filed an answer to garnishee's petition, which alleged in substance that the garnishment summons and the scire facias were properly served upon the garnishee; that proper returns were made by the bailiff of the municipal court; that the garnishee did not appear or answer either on the return date of the garnishment summons or of the scire facias; that the garnishee was properly defaulted; that there is no error in the record ''in the nature of error *coram nobis*''; that the judgment having been entered more than 30 days before the filing of the petition to vacate, the court was without jurisdiction to vacate, alter or amend its judgment; and that ''the petition being without equity and not exhibiting any grounds for relief and the Court being without jurisdiction'' said petition should be stricken from the files.

During the course of the hearing upon garnishee's petition and plaintiff's answer thereto all material evidence offered by the garnishee in support of the allegations of its petition was excluded, apparently on the theory that the bailiff's return of service could not be contradicted and the motion to vacate the judgment was denied.

Of the grounds urged· for reversal it is only necessary to consider garnishee's contention as stated in its brief that ''service of garnishment notice and process

on Mrs. Eleanor Schuett as the agent of the garnishee was void and the Court secured no jurisdiction over the garnishee because Mrs. Schuett was a judgment defendant in the same case who suppressed the fact of service and she was unfriendly, antagonistic and adverse to appellant's interest.'' It was not the purpose of the petition to vacate to question or discredit the several returns of service of process by the bailiff of the municipal court but to show the existence of facts rendering such service void. The service of process on the garnishee corporation upon its agent Mrs. Schuett, was in compliance with the letter of the statute authorizing such service (ch. 110, par. 141, sec. 17, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.017]), but in violation of the spirit of same. She was one of the defendants and judgment debtors in the original action, as well as a nominal plaintiff in the garnishment proceeding. Furthermore, the petition to vacate alleged and it was not denied that Mrs. Schuett was unfriendly and antagonistic to the garnishee, and its president, who was the only official of the company actively engaged in the management of its stores.

Service of process against a corporation on an officer or agent whose relation to the claim in suit is such as to make it to his or her interest to suppress the fact of service, is unauthorized, though the person served is within the terms of the statute authorizing the service. (*People ex rel. Lafferty v. Feicke,* 252 Ill. 414; *Atwood v. Sault St. Marie Light, Heat & Power Co.,* 148 Mich. 224.)

In the *Feicke* case, *supra,* where the service of a petition and written notice was made upon the clerk of a board of school directors, as required by statute, but the clerk was also one of the petitioners in the cause, after citing and discussing several analogous cases, the court said at p. 420:

''The rule to be deduced from these cases is, that where one occupies a fiduciary or representative re-

lation to a person or subject matter to be affected by an action or proceeding, and such person has some personal interest in such proceeding, either as a party or otherwise, antagonistic to the interest of others represented by him, service of jurisdictional process on such representative will confer no jurisdiction, even though the statute expressly provides for service on one in such relation. Under the law the service upon Feicke is void, not because it was served by him, but because it was served upon him, as clerk of the board of directors of district No. II, when he was a petitioner and had personal interests antagonistic to his duty as director and clerk of the board.'' (See also *St. Louis & Sandoval Coal & Mining Co. v. Edwards*, 103 Ill. 472; *Hemmer v. Wolfer*, 124 Ill. 435; *Heppe v. Szczepanski*, 209 Ill. 88.)

In *Upton Mfg. Co. v. Stewart Bros.*, 61 Iowa 209, where the facts as to the service of process in a garnishment proceeding were identical with the facts here, the court said at pp. 210, 211:

''In December, 1880, Stewart Bros. caused an execution to be issued on their judgment against Book, and the sheriff returned thereon that he served 'the same by summoning the Upton Manufacturing Company as garnishee of J. P. Book, by reading the garnishment notice thereto attached to J. P. Book, agent for said garnishee, doing business for it in Shelby county.' The garnishment notice required the garnishee to appear and answer on the first day of the next term of the circuit court. The manufacturing company did not appear at the next term, and it was adjudged in default, and a judgment was entered against the company for the full amount of the original judgment against Book, and leave was given to show cause by the first day of the next term why execution should not issue. A notice to show cause, directed to the Upton Manufacturing Company, was served upon

Book, as agent, in the same manner as the service of the garnishment notice. No appearance was made by the company, and, at the October term, 1881, the conditional judgment was affirmed and made absolute.

"The company, or rather the general officers thereof, had no actual notice of any of these proceedings until after the final judgment was rendered, and no notice of any kind, unless it be held that the notices served upon Book were sufficient to give the court jurisdiction of the company; and it was at no time indebted to Book in any sum, but, on the contrary, he was indebted to the company from the time that he made the first sale of machinery, up to the time of the trial of this case in the court below.

"If the circuit court had no jurisdiction of the company by virtue of the service of the notices upon Book, the judgment is void, and the decree of the circuit court vacating it is correct. We will proceed to an examination of this question. Counsel for appellant claim that jurisdiction was acquired under the provisions of section 2613 of the Code, which is in these words. 'When a corporation, company or individual has for the transaction of any business an office or agency in any county other than that in which the principal resides, service may be made upon any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency.'

"Under this provision of the law, if Book had sold a machine with a warranty, in an action for the breach of the warranty, service upon him would have been service upon the principal, because the action would have grown out of his agency. So with any other cause of action connected with the sale of machines by him. But the collection of a judgment from Book by garnishment of those who are supposed to be his debtors, has no connection with his said agency. Appellee, under

the contract with Book, was bound to take notice, as his principal, of his acts within the scope of his agency, and the statute binds the principal by service upon the agent in all actions growing out of the agency. It is argued that, because the claim made by the garnishment was that the company was indebted to Book in the matter of the agency, the action was connected with the agency. We think this is not within the meaning of the statute. It requires the principal to respond to service made upon the agent in matters connected with the agency. To require the principal to respond to service upon the agent in a proceeding for the collection of a debt from the agent in no manner connected with the agency, is quite another matter. Such an obligation, we feel quite sure, is neither within the letter nor spirit of the statute.''

We think that the rule pronounced in the foregoing authorities is peculiarly applicable to the facts showing the nature of the service of process upon the garnishee in this cause. Since the service of the garnishment summons and the writ of scire facias against the corporate garnishee on its employee, Mrs. Schuett, under the facts heretofore set forth, was insufficient to confer upon the court jurisdiction of said garnishee, the judgments entered pursuant to such purported service are void and it is elementary that void judgments may be vacated at any time.

It would be unconscionable to permit the judgment against the garnishee to stand, compelling it to pay the debt of another without first having been allowed its day in court.

Other points have been urged and considered, but in the view we take of this case we deem further discussion unnecessary.

For the reasons stated herein the order of the municipal court denying garnishee's motion to vacate the conditional judgment entered against it upon the re-

turn of the garnishment summons and the final judgment entered against it upon the return of the writ of scire facias is reversed and the cause remanded with directions to allow garnishee's motion to vacate both the conditional and final default judgments rendered against it and that such further proceedings be had as are not inconsistent with the views expressed herein.

*Judgment reversed and cause remanded with directions.*

SCANLAN, P. J., and FRIEND, J., concur.