## BISHOP v. EVERSON MFG. CO.

District Court, S. D. New York.
June 10, 1943.

William L. Bowman, of New York City, for plaintiff.

Willkie, Owen, Otis, Farr & Gallagher, of New York City (Mark F. Hughes, of New York City, of counsel), for defendant.

CONGER, District Judge.

The defendant appearing specially has moved to quash and vacate the service of the summons and complaint herein on the ground that service upon Edmund S. Bishop is not valid service upon the defendant and further that defendant (a foreign corporation) is and was not doing business within the Southern District of New York and may not be sued here.

The defendant, an Illinois corporation, is being sued by Marie W. Bishop, assignee of Edmund S. Bishop, for commissions and other services allegedly owed to plaintiff's assignor by the defendant.

Service was effected in the City of New York on March 29, 1943, by leaving a copy of the summons with plaintiff's assignor, who was or claims to have been at the time, vice-president of the defendant corporation.

The first question to determine is whether or not this service on Bishop, assuming that he is such vice-president, is good and sufficient to bind the defendant.

This is the picture we have presented. For several years Bishop was the agent and representative of the defendant with

offices in New York City. From the papers it would appear that until recently relations between Bishop and defendant were cordial and friendly. In November of 1941 Bishop was made a vice-president of defendant. Lately, however, Bishop claims he has had trouble obtaining his commission statements and commissions. He claims that his unpaid commissions and compensation for engineering services amount to $56,000.

On or about March 15, 1943, Bishop assigned to his wife Marie W. Bishop (plaintiff) his cause of action against the defendant. About a week later this action was commenced by her. Service of process being made as aforesaid.

From the papers I can only conclude that there was no other person than Bishop within this jurisdiction representing the defendant who might be served with process. One might conclude that the assignment was made for the purpose of effecting service in this district which would be binding on the defendant. In making this observation I assume that the assignment is good and valid. It should also appear that Bishop upon receiving the process promptly mailed it to the defendant who acknowledged receipt thereof.

On this question there is a dearth of federal authority. There is apparently only one decision in the Courts of the State of New York i. e. a decision of the City Court of the City of New York. Plaintiff has given me no authority pertinent to this issue.

In the federal courts this method of service has been condemned in Consolidated Iron & Steel Co. v. Maumee Iron & Steel Co., 8 Cir., 284 F. 550, and Tortat v. Hardin Min. & Mfg. Co., 8 Cir., 111 F. 426. In various state courts it has also been condemned.

[redacted] The rule to be deduced from these cases is that where one occupies a fiduciary or representative relation to a person or subject matter to be affected by an action or proceeding and such person has some personal interest in such proceeding either as a party or otherwise antagonistic to the interest of others represented by him, service of jurisdictional process on such representative will confer no jurisdiction even though the statute expressly provides for service on one in such relation.

[redacted] Service of process against a corporation on an officer or agent whose relation to the plaintiff or the claim is such as to make it to his interest to suppress the fact of service, is unauthorized. People v. Feicke, 252 Ill. 414, 96 N.E. 1052; St. Louis & S. Coal & Mining Co. v. Sandoval Coal & Mining Co., 111 Ill. 32; White House Mountain Gold Min. Co. v. Powell, 30 Colo. 397, 70 P. 679; Atwood v. Sault Ste. Marie Light, Heat & Power Co., 148 Mich. 224, 111 N.W. 747, 118 Am.St.Rep. 576; Buck v. Ashuelot Mfg. Co., 4 Allen, Mass., 357; Personal Loan & Savings Bank v. Schuett, 299 Ill.App. 421, 20 N.E.2d 329; George v. American Ginning Co., 46 S.C. 1, 24 S.E. 41, 32 L.R.A. 764, 57 Am.St. Rep. 671; Boston Acme Mines Development Co. v. Clawson, 66 Utah 103, 240 P. 165.

[redacted]

Plaintiff contends that these cases are not pertinent because in some cases the officer or agent served was himself the plaintiff and in others where the plaintiff was the assignee of the agent or officer served there was fraud and collusion because the process was never delivered to the defendant and default judgment was thereby obtained.

I cannot agree with plaintiff in this contention. I think plaintiff will not dispute the fact that a plaintiff may not serve upon himself his own process and thereby obtain jurisdiction over a defendant, of whom he is either an officer or agent. He may not indirectly do that which he could not do directly i. e. through the medium of an assignment.

Some of the cases hold that even though there be a valid assignment that the assignor still has an interest in the claim—an implied warranty on the part of the assignor that a good cause of action exists, creating an interest in him adverse to the defendant to support the claim and to prevent liability for breach of implied warranty.

[redacted] I agree with the general rule laid down in the above cases but I base my decision upon a broader principle. I assume that there is present here no fraud or collusion and that the summons was promptly mailed to the defendant. The service of process is good or bad at its inception. This procedure of service of process should not be condoned by the courts but should be condemned. Service of this kind would open wide the door to fraud and collusion which would be a reproach to the administration of justice.

To hold this service good would be obnoxious to a fine sense of justice, as to de-

clare that service on a plaintiff gives the court jurisdiction of the person of the defendant. White House Mountain Gold Mining Co. v. Powell, supra.

For the above reasons I hold the service to be void.

Defendant also moves to vacate service of the summons on the ground that defendant at the time of service was not doing business in the State of New York and in the Southern District thereof. This raises a question which has greatly perplexed the Courts and the Judges. Each case must be determined upon its own facts. International Harvester Co. v. Commonwealth of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479.

■ The defendant is engaged in the manufacture of water heater apparatus. The company's main place of business is in Chicago, Illinois; it has never qualified to do business in the State of New York. Plaintiff claims that defendant has an office in New York which is designated on some of the letterheads of the defendant as its "Eastern District Office". As a matter of fact the lease is in the name of Bishop who pays the rent. The defendant contributes $15 each month toward the expense of maintaining Bishop's office. Defendant has a listing in its own name in the N. Y. telephone directory and has its name upon the door of the New York office. Except for Bishop, none of the officers or directors of defendant live in New York and it has no employees here. Defendant has no bank account here. All orders and bids are sent to Chicago to be acted upon and in filling these orders the goods are shipped from Chicago to various places in the United States including the State of New York. None of the defendant's books are kept in New York and all invoices are sent out from Chicago and all payments are made to the Chicago office.

There is some dispute as to whether or not the defendant maintains a stock of replacement parts in the New York office. Even assuming that it does to the extent that plaintiff's assignor says it does, I cannot say that this materially changes the situation. ' Viewing the activities in the State of New York and giving to plaintiff and plaintiff's assignor the benefit of all contested factual claims, I have come to the conclusion that the defendant is not "doing business" in the State of New York

and therefore not amenable to the process of this court.

I am unable to find from the affidavits presented to me whether Bishop was or was not a vice-president of the defendant when the summons and complaint in this action were served upon him. Defendant by one of its directors in the moving papers has only this to say: "Said Edmund S. Bishop was a vice-president of Everson Manufacturing Company prior to January 5, 1942, but since that date he has not been an officer or director thereof." Nothing about the manner and means of his removal from office. No extract from the minutes of the meeting. No corroboration of any kind.

Bishop on the other hand in his affidavit states facts and a course of conduct between him and the defendant from which one only could conclude that defendant still recognized that he was one of its vice-presidents. At any rate, I feel, I cannot pass on this question with the facts which have been presented to me.

Motion granted for the reason above stated. Settle order on notice.